*Woodward v. Barclays Bank Delaware, et al.*

# Exhibit A

*to Notice of Removal*

State Court File

ELECTRONICALLY FILED - 2026 Jul 21 4:29 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF HORRY | FIFTEENTH JUDICIAL CIRCUIT |
| STEVEN PLUNKETT WOODWARD,<br>Plaintiff,<br>-vs-<br>BARCLAYS BANK DELAWARE; CAPITAL MANAGEMENT SERVICES GROUP, INC.; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; EQUIFAX INFORMATION SERVICES, LLC; and CAPITAL VACATIONS CLUB, INC.,<br>Defendants. | Case No.<br><br>**SUMMONS** |

TO: THE DEFENDANT(S) ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is hereby served upon you and to serve a copy of your Answer to the said Complaint on the subscriber, David A. Maxfield, Esquire, at his office at PO Box 11865, Columbia, South Carolina 29211 within thirty (30) days after service hereof, exclusive of the date of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the court for the relief demanded in the Complaint. If you fail to appear and defend, judgment by default will be rendered against you for the relief demanded in the Complaint.

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield

Dave Maxfield, Esq., SC Bar No. 7163
PO Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

DATED: July 21, 2026

ELECTRONICALLY FILED - 2026 Jul 21 4:29 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

STATE OF SOUTH CAROLINA

COUNTY OF HORRY

IN THE COURT OF COMMON PLEAS

FIFTEENTH JUDICIAL CIRCUIT

STEVEN PLUNKETT WOODWARD,

Plaintiff,

v.

BARCLAYS BANK DELAWARE; CAPITAL MANAGEMENT SERVICES GROUP, INC.; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; EQUIFAX INFORMATION SERVICES, LLC; and CAPITAL VACATIONS CLUB, INC.,

Defendants.

**<u>COMPLAINT</u>**

(Jury Trial Requested)

Plaintiff Steven Plunkett Woodward brings this action for damages arising from unlawful billing practices, improper credit reporting, unauthorized charges, and violations of South Carolina's timeshare consumer protection statutes.

## I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over Plaintiff's claims arising under the Fair Credit Billing Act, 15 U.S.C. § 1666, the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., the South Carolina Vacation Time Sharing Plans Act, S.C. Code § 27-32-10 et seq., and the South Carolina Unfair Trade Practices Act, S.C. Code § 39-5-10 et seq.
2. Venue is proper in Horry County because the timeshare transaction was executed in Myrtle Beach, South Carolina, Defendant Capital Vacations maintains its principal place of business in Horry County, and material facts and transactions giving rise to these claims occurred in Horry County.

ELECTRONICALLY FILED - 2026 Jul 21 4:29 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

3. This Court has personal jurisdiction over all Defendants.

## II. PARTIES

4. Plaintiff Steven Plunkett Woodward is a resident of South Carolina.
5. Defendant Barclays Bank Delaware ("Barclays") is, and at all times relevant was, a national banking association and financial institution organized and existing under the laws of the State of Delaware, with its principal place of business and corporate headquarters located in Wilmington, Delaware. Barclays issued the Capital Vacations® World Mastercard account at issue in this action to Plaintiff and, in connection with that account, regularly furnishes information to consumer reporting agencies regarding consumers' credit obligations and payment histories.
6. Defendant Capital Management Services Group, Inc.("CMS") is, and at all times relevant was, a limited partnership organized under the laws of the State of New York, with its principal place of business and corporate headquarters located in Buffalo, New York. CMS is engaged in the business of collecting defaulted consumer debts on behalf of itself and/or others, and in that capacity sent collection notices and other collection communications to Plaintiff concerning the account at issue in this case.
7. Defendant Capital Vacations Club, Inc. ("Capital Vacations") is, and at all times relevant was, a corporation organized and existing under the laws of the State of Florida, with its principal place of business and corporate headquarters located in Myrtle Beach, Horry County, South Carolina. Capital Vacations develops, markets, and manages vacation ownership interests and timeshare programs, including the timeshare interest and related account at issue in this action.
8. Defendant Equifax Information Services, LLC ("Equifax") is a foreign limited liability company with its principal place of business, nerve center, and headquarters in the State

ELECTRONICALLY FILED - 2026 Jul 21 4:29 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

of Georgia. Equifax is a consumer reporting agency that maintains consumer credit files and reports consumer information.

9. Defendant Trans Union LLC ("Trans Union") is a foreign limited liability company with its principal place of business, nerve center, and headquarters in the State of Illinois. Trans Union is a consumer reporting agency that maintains consumer credit files and reports consumer information.

10. Defendant Experian Information Solutions, Inc. ("Experian") is a foreign corporation with its principal place of business, nerve center, and headquarters in the State of Texas. Experian is a consumer reporting agency that maintains consumer credit files and reports consumer information.

## III. FACTUAL ALLEGATIONS

### A. The Timeshare Transaction and Cancellation

11. On July 7, 2025, Plaintiff and his wife, Jayne, met with Capital Vacations in Myrtle Beach to discuss converting an existing timeshare to a points-based system. The timeshare is co-owned by Plaintiff, his wife, and their adult sons, Todd and Bradley, whose names appear on the original deed.

12. Plaintiff and his wife signed a Capital Vacations Club Capital Plus Purchase and Security Agreement, Contract No. 1277902. The contract was conditional and not binding unless and until all co-owners, including the adult sons, signed the agreement.

13. The adult sons refused to sign the agreement after reviewing it and advised against proceeding with the conversion.

14. Because all co-owners did not consent and did not sign, the contract was never fully executed and remained void and unenforceable.

15. Capital Vacations provided Plaintiff with a Capital Vacations® World Mastercard, a co-branded credit card issued by Barclays specifically designed for timeshare purchasers.

ELECTRONICALLY FILED - 2026 Jul 21 4:29 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

Plaintiff understood this card would be used only after the contract was complete and all parties had signed.

16. On July 7, 2025, the day of signing, Capital Vacations charged $7,734.09 to Plaintiff's Capital Vacations® World Mastercard without authorization or notice. The charge was characterized as a "down payment," but Plaintiff had not authorized any immediate charge.
17. Capital Vacations also charged $159.95 in "enrollment fees" to the same card on the same day.
18. The July 7 charges violated South Carolina timeshare law. S.C. Code § 27-32-60 prohibits any seller from charging or accepting payment until after the five-day cancellation period expires, and these charges were made on the day of signing, well within that period.
19. On July 8, 2025, the morning after signing, Plaintiff and his wife returned to Capital Vacations' office.
20. They informed Capital Vacations' representative that they wished to cancel the transaction because their sons refused to participate. The representative instructed them to return all contract materials to the front desk, which they immediately did.
21. The Capital Vacations representative verbally confirmed that the contract was "terminated" and that no further charges would be made to their credit card.
22. This verbal cancellation, made on July 8, 2025, was exercised within one day of signing and well within South Carolina's mandatory five-day cancellation period provided in S.C. Code § 27-32-40.
23. Despite this cancellation, Capital Vacations continued to bill Plaintiff's card for monthly dues of $243.54 and $243.63, facility fees, and other charges throughout the remainder of 2025 and into 2026.

ELECTRONICALLY FILED - 2026 Jul 21 4:29 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

24. As of July 2026, Plaintiff's account with Barclays remained open with a disputed balance. The account had been written off by Barclays with a $487 charge-off and $809 remaining past due.

**B. Barclays' Failure to Investigate**

25. Plaintiff discovered the unauthorized July 2025 charges when he received his August credit card statement and immediately disputed the charges with Barclays.
26. On October 3, 2025, Plaintiff submitted written billing dispute letters to Barclays covering the $7,734.09 charge, the $159.95 fee, and other disputed transactions.
27. Barclays initiated an investigation but conducted no reasonable inquiry. Instead, Barclays contacted Capital Vacations and asked simply whether the charges were valid, and Capital Vacations responded that it had no record of receiving a written cancellation letter.
28. Barclays accepted Capital Vacations' one-sided response without investigating the threshold facts, including whether the contract was ever fully executed, whether Plaintiff had exercised his statutory right to cancel, and whether charges on the day of signing violated South Carolina law.
29. Barclays reapplied disputed charges to Plaintiff's account. On December 24, 2025, Barclays denied a $243.54 dispute. On April 29, 2026, Barclays denied a $243.63 dispute, though Plaintiff did not receive that letter until July 7, 2026.
30. Throughout 2025 and into 2026, the account deteriorated from current status to 30, 60, 90, and finally 120-plus days past due. Barclays continued to assess late fees and interest.
31. In June 2026, Barclays formally charged off the account, writing off $487 as uncollectible and reporting $809 past due to consumer reporting agencies.

ELECTRONICALLY FILED - 2026 Jul 21 4:29 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

**C. Credit Reporting Violations**

32. On June 23, 2026, Trans Union completed its dispute reinvestigation and reported the account as "VERIFIED AS ACCURATE" based on Barclays' assertion, without conducting any independent investigation of Plaintiff's claims regarding contract invalidity or his statutory cancellation right.
33. Trans Union's reinvestigation result noted that the account was "120 Days Past Due Date" and was "Closed by credit grantor" as of March 6, 2026, yet Trans Union accepted Barclays' verification of accuracy without addressing the contradiction that an account under active consumer dispute had been reported as delinquent.
34. On July 15, 2026, Plaintiff obtained his Experian credit report showing the account as "Account charged off. $487 written off. $809 past due as of Jul 2026."
35. Despite Plaintiff's documented, ongoing written disputes with Barclays since October 2025, Trans Union and Experian failed to properly note on his credit reports that the underlying charges remained disputed and instead reported that Barclays had verified the accuracy of the charges without independent examination.

**D. Collection Activity**

36. On March 13, 2026, Capital Management Services sent Plaintiff a collection notice demanding payment of $657.89 allegedly owed to Barclays Bank Delaware on the Capital Vacations account.
37. This collection notice was sent despite Plaintiff's clearly documented, ongoing written dispute of the charges with Barclays since October 2025.

ELECTRONICALLY FILED - 2026 Jul 21 4:29 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

**FOR A FIRST CAUSE OF ACTION**

**FAIR CREDIT BILLING ACT § 1666**

**(Against Barclays Bank Delaware)**

38. Plaintiff re-alleges paragraphs 1 through 37 as if fully set forth herein.
39. Under 15 U.S.C. § 1666(a), when a consumer submits a timely written billing dispute, the creditor must conduct a reasonable investigation within two billing cycles and respond to the consumer.
40. Plaintiff timely disputed the charges and provided clear facts, including that the contract was conditional and not binding without all co-owners' signatures, that the co-owners refused to sign, that Plaintiff cancelled on July 8, 2025 within one day and within the five-day statutory window, that he returned all materials as instructed, and that Capital Vacations verbally confirmed the cancellation.
41. Barclays conducted no reasonable investigation. Barclays did not examine whether the contract was fully executed, did not investigate Plaintiff's statutory right to cancel, did not request documentation from Plaintiff, did not examine the timeline showing charges on the day of signing before the five-day cancellation period had expired, and did not probe Capital Vacations' claim that it had no record of a cancellation letter.
42. Barclays' investigation was purely mechanical: it asked the merchant, accepted the merchant's answer, and denied the dispute. This fell below the statutory standard of reasonableness.
43. Barclays' failure to investigate caused wrongful denial of Plaintiff's disputes, continued assessment of charges and interest, reapplication of disputed amounts, and continued reporting of the disputed amounts as valid debt to consumer reporting agencies.
44. Barclays' conduct was willful or reckless. The facts presented obvious issues that any reasonable investigation would have identified.

ELECTRONICALLY FILED - 2026 Jul 21 4:29 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

45. Plaintiff is entitled to recover actual damages, statutory damages as allowed by law, attorney's fees, costs, and prejudgment interest.

**FOR A SECOND CAUSE OF ACTION**

**FAIR CREDIT REPORTING ACT § 1681s-2(b)**

**Furnisher's Failure to Investigate Disputes**

**(Against Barclays Bank Delaware)**

46. Plaintiff re-alleges paragraphs 1 through 45 as if fully set forth herein.
47. Under 15 U.S.C. § 1681s-2(b), when a consumer reporting agency notifies a furnisher of a consumer's dispute, the furnisher must conduct a reasonable investigation, review all relevant information, and report accurate results back to the agency.
48. Barclays received disputes from Experian, Trans Union, and Equifax regarding Plaintiff's challenged charges and failed to conduct any reasonable investigation. Instead, Barclays summarily certified to the agencies that the information was verified as accurate.
49. Barclays did not examine whether the contract was binding without co-owner signatures, did not investigate whether Plaintiff had validly cancelled within the statutory period, and accepted its own one-sided account position without meaningful review.
50. Barclays' certification was inaccurate and was not the product of a reasonable investigation. This willful failure caused consumer reporting agencies to continue reporting incorrect and disputed information as if verified.
51. Plaintiff is entitled to recover actual damages, statutory damages as allowed by law, punitive damages where authorized, attorney's fees, costs, and prejudgment interest.

ELECTRONICALLY FILED - 2026 Jul 21 4:29 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

**FOR A THIRD CAUSE OF ACTION**

**FAIR CREDIT REPORTING ACT § 1681i**

**Negligent Reinvestigation of Disputed Information**

**(Against Experian Information Solutions, Inc., Trans Union LLC, and Equifax Information Services, LLC)**

52. Plaintiff re-alleges paragraphs 1 through 51 as if fully set forth herein.
53. Under 15 U.S.C. § 1681i(a), when a consumer disputes information in his credit file, a consumer reporting agency must conduct a reasonable reinvestigation.
54. Plaintiff submitted disputes to Experian, Trans Union, and Equifax challenging the accuracy and validity of the reported account charges and delinquency status.
55. Each of these Defendants conducted a pro forma reinvestigation by forwarding Plaintiff's dispute to Barclays and accepting Barclays' response that the information was verified as accurate without any independent evaluation.
56. This was not a reasonable reinvestigation. The agencies made no independent attempt to verify whether the original contract was binding without all co-owners' signatures, whether Plaintiff had a statutory right to cancel, or whether his timely cancellation was valid. Each agency relied entirely on Barclays' perfunctory assertion.
57. A reasonable reinvestigation would have required obtaining competent support for Barclays' verification, noting on Plaintiff's credit report that the account remained disputed, or determining that Barclays' response was insufficient.
58. As a direct and proximate result, these Defendants continued reporting Plaintiff's account as charged off and past due despite the underlying charges being disputed and likely uncollectible.
59. Plaintiff is entitled to recover actual damages, statutory damages as allowed by law, attorney's fees, costs, and prejudgment interest.

ELECTRONICALLY FILED - 2026 Jul 21 4:29 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

**FOR A FOURTH CAUSE OF ACTION**

**FAIR DEBT COLLECTION PRACTICES ACT § 1692g**

**Collection of Disputed Debt**

**(Against Capital Management Services, LP)**

60. Plaintiff re-alleges paragraphs 1 through 59 as if fully set forth herein.
61. Under 15 U.S.C. § 1692g(b), if a consumer disputes a debt in writing within 30 days of a collection notice, the debt collector must cease collection efforts until it provides verification of the debt.
62. On March 13, 2026, Capital Management Services sent Plaintiff a collection notice for $657.89 regarding the Capital Vacations account.
63. The underlying charges had been disputed in writing with Barclays since October 2025, and the debt being collected arose from a transaction Plaintiff had contested as unauthorized, cancelled, and unenforceable.
64. To the extent Capital Management Services continued collection activity after receiving proper notice of Plaintiff's dispute and without providing legally sufficient verification, it violated 15 U.S.C. § 1692g(b).
65. Plaintiff is entitled to recover actual damages, statutory damages as allowed by law, attorney's fees, and costs.

**FOR A FIFTH CAUSE OF ACTION**

**SOUTH CAROLINA VACATION TIME SHARING PLANS ACT**

**Violations of §§ 27-32-40, 27-32-50, and 27-32-60**

**(Against Capital Vacations Club, Inc.)**

66. Plaintiff re-alleges paragraphs 1 through 65 as if fully set forth herein.
67. S.C. Code § 27-32-40 provides an absolute, unwaivable right for a purchaser to cancel a timeshare contract within five days of signing without penalty or obligation.

ELECTRONICALLY FILED - 2026 Jul 21 4:29 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

68. S.C. Code § 27-32-50 requires that a seller honor, without fail or refusal, a purchaser's timely request to cancel within the statutory period.
69. S.C. Code § 27-32-60 prohibits a seller from charging or accepting payment until after expiration of the five-day cancellation period.
70. Capital Vacations violated § 27-32-60 by charging Plaintiff $7,734.09 and $159.95 on July 7, 2025, the day of signing, before the five-day cancellation period had expired and before Plaintiff had authorized the charges.
71. Plaintiff exercised his statutory right to cancel on July 8, 2025, one day after signing and well within the five-day period. He did so by informing Capital Vacations' representative of the cancellation and returning all contract materials as instructed.
72. Capital Vacations violated § 27-32-50 by refusing to honor Plaintiff's cancellation. Despite his clear cancellation and Capital Vacations' verbal confirmation, Capital Vacations continued to bill and collect on the cancelled account.
73. S.C. Code § 27-32-120(C) provides that a contract made in violation of the Act is voidable at the sole option of the purchaser and entitles the purchaser to a refund of all consideration paid.
74. Capital Vacations' violations were willful and intentional, not inadvertent. Capital Vacations charged before the cooling-off period ended and deliberately failed to honor Plaintiff's statutory cancellation right.
75. Plaintiff is entitled to recover all unauthorized charges, exemplary damages as permitted by law, attorney's fees, costs, and prejudgment interest.

ELECTRONICALLY FILED - 2026 Jul 21 4:29 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

**FOR A SIXTH CAUSE OF ACTION**

**SOUTH CAROLINA UNFAIR TRADE PRACTICES ACT**

**S.C. Code § 39-5-10 et seq.**

**(Against Barclays Bank Delaware, Capital Management Services, LP, and Capital Vacations Club, Inc.)**

76. Plaintiff re-alleges paragraphs 1 through 75 as if fully set forth herein.
77. The South Carolina Unfair Trade Practices Act declares unlawful unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce.
78. Capital Vacations engaged in unfair and deceptive acts or practices in trade or commerce by charging Plaintiff's Barclays credit card before expiration of the statutory cancellation period, by treating a conditional and unconsummated timeshare transaction as final, and by refusing to honor Plaintiff's timely cancellation while continuing to assess and seek payment of charges on a cancelled or unenforceable transaction.
79. Barclays engaged in unfair and deceptive acts or practices in trade or commerce by employing a perfunctory and one-sided dispute process that ignored evidence that the underlying transaction was disputed, cancelled, and legally defective, by reimposing and carrying balances arising from that transaction, and by using those charges as a basis for continued collection activity and derogatory credit reporting.
80. Capital Management Services engaged in unfair and deceptive acts or practices in trade or commerce by attempting to collect amounts arising from the same disputed and cancelled transaction after Plaintiff had already challenged the debt as unauthorized, invalid, and unenforceable.
81. The unfair and deceptive acts and practices of Barclays, Capital Management Services, and Capital Vacations affect the public interest because, upon information and belief, they were committed in the ordinary course of business, involve standardized consumer-

ELECTRONICALLY FILED - 2026 Jul 21 4:29 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

facing practices, and have the potential for repetition as to other South Carolina consumers.

82. As a direct and proximate result of these unfair and deceptive acts or practices, Plaintiff suffered ascertainable loss, including unauthorized charges, claimed past-due balances, charge-off damages, damage to credit reputation, time spent disputing the account, and other actual damages to be proven at trial.

83. The conduct of Barclays, Capital Management Services, and Capital Vacations was willful and knowing, entitling Plaintiff to recover actual damages, treble damages, attorney's fees, costs, and such other relief as provided by S.C. Code § 39-5-140.

**FOR A SEVENTH CAUSE OF ACTION**

**UNJUST ENRICHMENT**

**(Against Capital Vacations Club, Inc.)**

84. Plaintiff re-alleges paragraphs 1 through 83 as if fully set forth herein.

85. Capital Vacations received and retained charged amounts for which Plaintiff received no goods, services, or benefits. The contract was never fully executed, was cancelled by Plaintiff within his statutory right, and was never lawfully implemented or performed.

86. Capital Vacations has been unjustly enriched, and Plaintiff is entitled to recover the full amount wrongfully retained, together with interest and other appropriate relief.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following relief:

1. Actual damages in an amount to be determined at trial;
2. Statutory damages as allowed by the Fair Credit Billing Act, Fair Credit Reporting Act, and Fair Debt Collection Practices Act;
3. Exemplary, treble, and punitive damages as allowed by law;

ELECTRONICALLY FILED - 2026 Jul 21 4:29 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

4. Attorney's fees and costs;
5. An order requiring removal or correction of disputed charge-off and past-due information appearing on Plaintiff's credit reports to the extent authorized by law;
6. An order requiring cessation of unlawful collection efforts to the extent authorized by law;
7. Prejudgment and post-judgment interest; and
8. Such other and further relief as the Court deems just and proper.

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield

Dave Maxfield, Esq., SC Bar 7163
P.O. Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

July 21, 2026

ELECTRONICALLY FILED - 2026 Jul 29 3:41 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF HORRY | IN THE COURT OF COMMON PLEAS<br>FIFTEENTH JUDICIAL CIRCUIT<br><br>Case No. 2026-CP-26-05643 |
| STEVEN PLUNKETT WOODWARD,<br><br>Plaintiff,<br>Vs.<br><br>BARCLAYS BANK DELAWARE; CAPITAL MANAGEMENT SERVICES GROUP, INC.; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; EQUIFAX INFORMATION SERVICES, LLC; and CAPITAL VACATIONS CLUB, INC.,<br><br>Defendant(s). | **PROOF OF SERVICE** |

I, the undersigned, have served **Corporation Service Company** as registered agent for **Barclays Bank Delaware**, by U.S. First Class Mail, Certified Delivery, Return Receipt Requested on **July 27, 2026**, with a **Summons & Complaint** in the above-entitled action as shown by the attached receipt.

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield

David A. Maxfield, Esq., SC Bar No. 7163
P.O. Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

DATED: July 29, 2026

14495404.1.1-19

ELECTRONICALLY FILED - 2026 Jul 29 3:41 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

**USPS CERTIFIED MAIL**

**9214 8901 4298 0490 2554 24**

***CERTIFIED MAIL***

Dave Maxfield, Attorney, LLC
PO Box 11865
Columbia SC 29211

00144954040000011
VIA CERTIFIED MAIL
Corporation Service Company
251 Little Falls Drive
Wilmington DE 19808

14495404.1.2-19

ELECTRONICALLY FILED - 2026 Jul 29 3:41 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

davemaxfield
CONSUMER PROTECTION LAW

Dave Maxfield, Attorney, LLC
Phone: 803-509-6800
Fax: 855-299-1656
ConsumerLawSC.com

2191 Pickens Street
Suite 317
Columbia, SC 29201

*Member, National Association of Consumer Advocates*

July 22, 2026

**VIA CERTIFIED MAIL**
Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

RE: Steven Plunkett Woodward v. Barclays Bank Delaware, Capital Management Services Group, Inc., Experian Information Solutions, Inc., Trans Union LLC, Equifax Information Services, LLC and Capital Vacations Club, Inc.
Case No. 2026-CP-26-05643

Dear Sir or Madam:

Enclosed herewith and served upon you on behalf of **Barclays Bank Delaware**, is a filed copy of a **Summons & Complaint** in the above matter.

Sincerely,

/s/ Kristy Woodward
Paralegal to Dave Maxfield

Enc.

14495404.1.3-19

ELECTRONICALLY FILED - 2026 Jul 29 3:29 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF HORRY | FIFTEENTH JUDICIAL CIRCUIT |
| STEVEN PLUNKETT WOODWARD,<br>Plaintiff, | |
| -vs- | Case No. |
| BARCLAYS BANK DELAWARE; CAPITAL MANAGEMENT SERVICES GROUP, INC.; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; EQUIFAX INFORMATION SERVICES, LLC; and CAPITAL VACATIONS CLUB, INC.,<br>Defendants. | **<u>SUMMONS</u>** |

TO: THE DEFENDANT(S) ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is hereby served upon you and to serve a copy of your Answer to the said Complaint on the subscriber, David A. Maxfield, Esquire, at his office at PO Box 11865, Columbia, South Carolina 29211 within thirty (30) days after service hereof, exclusive of the date of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the court for the relief demanded in the Complaint. If you fail to appear and defend, judgment by default will be rendered against you for the relief demanded in the Complaint.

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield

Dave Maxfield, Esq., SC Bar No. 7163
PO Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

DATED: July 21, 2026

14495404.1.4-19

ELECTRONICALLY FILED - 2026 Jul 29 3:29 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF HORRY | FIFTEENTH JUDICIAL CIRCUIT |
| STEVEN PLUNKETT WOODWARD,<br><br>Plaintiff,<br><br>v.<br><br>BARCLAYS BANK DELAWARE; CAPITAL MANAGEMENT SERVICES GROUP, INC.; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; EQUIFAX INFORMATION SERVICES, LLC; and CAPITAL VACATIONS CLUB, INC.,<br><br>Defendants. | **<u>COMPLAINT</u>**<br><br>(Jury Trial Requested) |

Plaintiff Steven Plunkett Woodward brings this action for damages arising from unlawful billing practices, improper credit reporting, unauthorized charges, and violations of South Carolina's timeshare consumer protection statutes.

## I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over Plaintiff's claims arising under the Fair Credit Billing Act, 15 U.S.C. § 1666, the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., the South Carolina Vacation Time Sharing Plans Act, S.C. Code § 27-32-10 et seq., and the South Carolina Unfair Trade Practices Act, S.C. Code § 39-5-10 et seq.
2. Venue is proper in Horry County because the timeshare transaction was executed in Myrtle Beach, South Carolina, Defendant Capital Vacations maintains its principal place of business in Horry County, and material facts and transactions giving rise to these claims occurred in Horry County.

14495404.1.5-19

ELECTRONICALLY FILED - 2026 Jul 29 3:29 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

3. This Court has personal jurisdiction over all Defendants.

## II. PARTIES

4. Plaintiff Steven Plunkett Woodward is a resident of South Carolina.
5. Defendant Barclays Bank Delaware ("Barclays") is, and at all times relevant was, a national banking association and financial institution organized and existing under the laws of the State of Delaware, with its principal place of business and corporate headquarters located in Wilmington, Delaware. Barclays issued the Capital Vacations® World Mastercard account at issue in this action to Plaintiff and, in connection with that account, regularly furnishes information to consumer reporting agencies regarding consumers' credit obligations and payment histories.
6. Defendant Capital Management Services Group, Inc.("CMS") is, and at all times relevant was, a limited partnership organized under the laws of the State of New York, with its principal place of business and corporate headquarters located in Buffalo, New York. CMS is engaged in the business of collecting defaulted consumer debts on behalf of itself and/or others, and in that capacity sent collection notices and other collection communications to Plaintiff concerning the account at issue in this case.
7. Defendant Capital Vacations Club, Inc. ("Capital Vacations") is, and at all times relevant was, a corporation organized and existing under the laws of the State of Florida, with its principal place of business and corporate headquarters located in Myrtle Beach, Horry County, South Carolina. Capital Vacations develops, markets, and manages vacation ownership interests and timeshare programs, including the timeshare interest and related account at issue in this action.
8. Defendant Equifax Information Services, LLC ("Equifax") is a foreign limited liability company with its principal place of business, nerve center, and headquarters in the State

14495404.1.6-19

ELECTRONICALLY FILED - 2026 Jul 29 3:29 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

of Georgia. Equifax is a consumer reporting agency that maintains consumer credit files and reports consumer information.

9. Defendant Trans Union LLC ("Trans Union") is a foreign limited liability company with its principal place of business, nerve center, and headquarters in the State of Illinois. Trans Union is a consumer reporting agency that maintains consumer credit files and reports consumer information.

10. Defendant Experian Information Solutions, Inc. ("Experian") is a foreign corporation with its principal place of business, nerve center, and headquarters in the State of Texas. Experian is a consumer reporting agency that maintains consumer credit files and reports consumer information.

## III. FACTUAL ALLEGATIONS

### A. The Timeshare Transaction and Cancellation

11. On July 7, 2025, Plaintiff and his wife, Jayne, met with Capital Vacations in Myrtle Beach to discuss converting an existing timeshare to a points-based system. The timeshare is co-owned by Plaintiff, his wife, and their adult sons, Todd and Bradley, whose names appear on the original deed.

12. Plaintiff and his wife signed a Capital Vacations Club Capital Plus Purchase and Security Agreement, Contract No. 1277902. The contract was conditional and not binding unless and until all co-owners, including the adult sons, signed the agreement.

13. The adult sons refused to sign the agreement after reviewing it and advised against proceeding with the conversion.

14. Because all co-owners did not consent and did not sign, the contract was never fully executed and remained void and unenforceable.

15. Capital Vacations provided Plaintiff with a Capital Vacations® World Mastercard, a co-branded credit card issued by Barclays specifically designed for timeshare purchasers.

14495404.1.7-19

ELECTRONICALLY FILED - 2026 Jul 29 3:29 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

Plaintiff understood this card would be used only after the contract was complete and all parties had signed.

16. On July 7, 2025, the day of signing, Capital Vacations charged $7,734.09 to Plaintiff's Capital Vacations® World Mastercard without authorization or notice. The charge was characterized as a "down payment," but Plaintiff had not authorized any immediate charge.
17. Capital Vacations also charged $159.95 in "enrollment fees" to the same card on the same day.
18. The July 7 charges violated South Carolina timeshare law. S.C. Code § 27-32-60 prohibits any seller from charging or accepting payment until after the five-day cancellation period expires, and these charges were made on the day of signing, well within that period.
19. On July 8, 2025, the morning after signing, Plaintiff and his wife returned to Capital Vacations' office.
20. They informed Capital Vacations' representative that they wished to cancel the transaction because their sons refused to participate. The representative instructed them to return all contract materials to the front desk, which they immediately did.
21. The Capital Vacations representative verbally confirmed that the contract was "terminated" and that no further charges would be made to their credit card.
22. This verbal cancellation, made on July 8, 2025, was exercised within one day of signing and well within South Carolina's mandatory five-day cancellation period provided in S.C. Code § 27-32-40.
23. Despite this cancellation, Capital Vacations continued to bill Plaintiff's card for monthly dues of $243.54 and $243.63, facility fees, and other charges throughout the remainder of 2025 and into 2026.

14495404.1.8-19

ELECTRONICALLY FILED - 2026 Jul 29 3:29 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

24. As of July 2026, Plaintiff's account with Barclays remained open with a disputed balance. The account had been written off by Barclays with a $487 charge-off and $809 remaining past due.

**B. Barclays' Failure to Investigate**

25. Plaintiff discovered the unauthorized July 2025 charges when he received his August credit card statement and immediately disputed the charges with Barclays.
26. On October 3, 2025, Plaintiff submitted written billing dispute letters to Barclays covering the $7,734.09 charge, the $159.95 fee, and other disputed transactions.
27. Barclays initiated an investigation but conducted no reasonable inquiry. Instead, Barclays contacted Capital Vacations and asked simply whether the charges were valid, and Capital Vacations responded that it had no record of receiving a written cancellation letter.
28. Barclays accepted Capital Vacations' one-sided response without investigating the threshold facts, including whether the contract was ever fully executed, whether Plaintiff had exercised his statutory right to cancel, and whether charges on the day of signing violated South Carolina law.
29. Barclays reapplied disputed charges to Plaintiff's account. On December 24, 2025, Barclays denied a $243.54 dispute. On April 29, 2026, Barclays denied a $243.63 dispute, though Plaintiff did not receive that letter until July 7, 2026.
30. Throughout 2025 and into 2026, the account deteriorated from current status to 30, 60, 90, and finally 120-plus days past due. Barclays continued to assess late fees and interest.
31. In June 2026, Barclays formally charged off the account, writing off $487 as uncollectible and reporting $809 past due to consumer reporting agencies.

14495404.1.9-19

ELECTRONICALLY FILED - 2026 Jul 29 3:29 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

**C. Credit Reporting Violations**

32. On June 23, 2026, Trans Union completed its dispute reinvestigation and reported the account as "VERIFIED AS ACCURATE" based on Barclays' assertion, without conducting any independent investigation of Plaintiff's claims regarding contract invalidity or his statutory cancellation right.
33. Trans Union's reinvestigation result noted that the account was "120 Days Past Due Date" and was "Closed by credit grantor" as of March 6, 2026, yet Trans Union accepted Barclays' verification of accuracy without addressing the contradiction that an account under active consumer dispute had been reported as delinquent.
34. On July 15, 2026, Plaintiff obtained his Experian credit report showing the account as "Account charged off. $487 written off. $809 past due as of Jul 2026."
35. Despite Plaintiff's documented, ongoing written disputes with Barclays since October 2025, Trans Union and Experian failed to properly note on his credit reports that the underlying charges remained disputed and instead reported that Barclays had verified the accuracy of the charges without independent examination.

**D. Collection Activity**

36. On March 13, 2026, Capital Management Services sent Plaintiff a collection notice demanding payment of $657.89 allegedly owed to Barclays Bank Delaware on the Capital Vacations account.
37. This collection notice was sent despite Plaintiff's clearly documented, ongoing written dispute of the charges with Barclays since October 2025.

ELECTRONICALLY FILED - 2026 Jul 29 3:29 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

**FOR A FIRST CAUSE OF ACTION**

**FAIR CREDIT BILLING ACT § 1666**

**(Against Barclays Bank Delaware)**

38. Plaintiff re-alleges paragraphs 1 through 37 as if fully set forth herein.

39. Under 15 U.S.C. § 1666(a), when a consumer submits a timely written billing dispute, the creditor must conduct a reasonable investigation within two billing cycles and respond to the consumer.

40. Plaintiff timely disputed the charges and provided clear facts, including that the contract was conditional and not binding without all co-owners' signatures, that the co-owners refused to sign, that Plaintiff cancelled on July 8, 2025 within one day and within the five-day statutory window, that he returned all materials as instructed, and that Capital Vacations verbally confirmed the cancellation.

41. Barclays conducted no reasonable investigation. Barclays did not examine whether the contract was fully executed, did not investigate Plaintiff's statutory right to cancel, did not request documentation from Plaintiff, did not examine the timeline showing charges on the day of signing before the five-day cancellation period had expired, and did not probe Capital Vacations' claim that it had no record of a cancellation letter.

42. Barclays' investigation was purely mechanical: it asked the merchant, accepted the merchant's answer, and denied the dispute. This fell below the statutory standard of reasonableness.

43. Barclays' failure to investigate caused wrongful denial of Plaintiff's disputes, continued assessment of charges and interest, reapplication of disputed amounts, and continued reporting of the disputed amounts as valid debt to consumer reporting agencies.

44. Barclays' conduct was willful or reckless. The facts presented obvious issues that any reasonable investigation would have identified.

14495404.1.11-19

ELECTRONICALLY FILED - 2026 Jul 29 3:29 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

45. Plaintiff is entitled to recover actual damages, statutory damages as allowed by law, attorney's fees, costs, and prejudgment interest.

**FOR A SECOND CAUSE OF ACTION**

**FAIR CREDIT REPORTING ACT § 1681s-2(b)**

**Furnisher's Failure to Investigate Disputes**

**(Against Barclays Bank Delaware)**

46. Plaintiff re-alleges paragraphs 1 through 45 as if fully set forth herein.
47. Under 15 U.S.C. § 1681s-2(b), when a consumer reporting agency notifies a furnisher of a consumer's dispute, the furnisher must conduct a reasonable investigation, review all relevant information, and report accurate results back to the agency.
48. Barclays received disputes from Experian, Trans Union, and Equifax regarding Plaintiff's challenged charges and failed to conduct any reasonable investigation. Instead, Barclays summarily certified to the agencies that the information was verified as accurate.
49. Barclays did not examine whether the contract was binding without co-owner signatures, did not investigate whether Plaintiff had validly cancelled within the statutory period, and accepted its own one-sided account position without meaningful review.
50. Barclays' certification was inaccurate and was not the product of a reasonable investigation. This willful failure caused consumer reporting agencies to continue reporting incorrect and disputed information as if verified.
51. Plaintiff is entitled to recover actual damages, statutory damages as allowed by law, punitive damages where authorized, attorney's fees, costs, and prejudgment interest.

14495404.1.12-19

ELECTRONICALLY FILED - 2026 Jul 29 3:29 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

**FOR A THIRD CAUSE OF ACTION**

**FAIR CREDIT REPORTING ACT § 1681i**

**Negligent Reinvestigation of Disputed Information**

**(Against Experian Information Solutions, Inc., Trans Union LLC, and Equifax Information Services, LLC)**

52. Plaintiff re-alleges paragraphs 1 through 51 as if fully set forth herein.
53. Under 15 U.S.C. § 1681i(a), when a consumer disputes information in his credit file, a consumer reporting agency must conduct a reasonable reinvestigation.
54. Plaintiff submitted disputes to Experian, Trans Union, and Equifax challenging the accuracy and validity of the reported account charges and delinquency status.
55. Each of these Defendants conducted a pro forma reinvestigation by forwarding Plaintiff's dispute to Barclays and accepting Barclays' response that the information was verified as accurate without any independent evaluation.
56. This was not a reasonable reinvestigation. The agencies made no independent attempt to verify whether the original contract was binding without all co-owners' signatures, whether Plaintiff had a statutory right to cancel, or whether his timely cancellation was valid. Each agency relied entirely on Barclays' perfunctory assertion.
57. A reasonable reinvestigation would have required obtaining competent support for Barclays' verification, noting on Plaintiff's credit report that the account remained disputed, or determining that Barclays' response was insufficient.
58. As a direct and proximate result, these Defendants continued reporting Plaintiff's account as charged off and past due despite the underlying charges being disputed and likely uncollectible.
59. Plaintiff is entitled to recover actual damages, statutory damages as allowed by law, attorney's fees, costs, and prejudgment interest.

14495404.1.13-19

ELECTRONICALLY FILED - 2026 Jul 29 3:29 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

**FOR A FOURTH CAUSE OF ACTION**

**FAIR DEBT COLLECTION PRACTICES ACT § 1692g**

**Collection of Disputed Debt**

**(Against Capital Management Services, LP)**

60. Plaintiff re-alleges paragraphs 1 through 59 as if fully set forth herein.
61. Under 15 U.S.C. § 1692g(b), if a consumer disputes a debt in writing within 30 days of a collection notice, the debt collector must cease collection efforts until it provides verification of the debt.
62. On March 13, 2026, Capital Management Services sent Plaintiff a collection notice for $657.89 regarding the Capital Vacations account.
63. The underlying charges had been disputed in writing with Barclays since October 2025, and the debt being collected arose from a transaction Plaintiff had contested as unauthorized, cancelled, and unenforceable.
64. To the extent Capital Management Services continued collection activity after receiving proper notice of Plaintiff's dispute and without providing legally sufficient verification, it violated 15 U.S.C. § 1692g(b).
65. Plaintiff is entitled to recover actual damages, statutory damages as allowed by law, attorney's fees, and costs.

**FOR A FIFTH CAUSE OF ACTION**

**SOUTH CAROLINA VACATION TIME SHARING PLANS ACT**

**Violations of §§ 27-32-40, 27-32-50, and 27-32-60**

**(Against Capital Vacations Club, Inc.)**

66. Plaintiff re-alleges paragraphs 1 through 65 as if fully set forth herein.
67. S.C. Code § 27-32-40 provides an absolute, unwaivable right for a purchaser to cancel a timeshare contract within five days of signing without penalty or obligation.

14495404.1.14-19

ELECTRONICALLY FILED - 2026 Jul 29 3:29 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

68. S.C. Code § 27-32-50 requires that a seller honor, without fail or refusal, a purchaser's timely request to cancel within the statutory period.

69. S.C. Code § 27-32-60 prohibits a seller from charging or accepting payment until after expiration of the five-day cancellation period.

70. Capital Vacations violated § 27-32-60 by charging Plaintiff $7,734.09 and $159.95 on July 7, 2025, the day of signing, before the five-day cancellation period had expired and before Plaintiff had authorized the charges.

71. Plaintiff exercised his statutory right to cancel on July 8, 2025, one day after signing and well within the five-day period. He did so by informing Capital Vacations' representative of the cancellation and returning all contract materials as instructed.

72. Capital Vacations violated § 27-32-50 by refusing to honor Plaintiff's cancellation. Despite his clear cancellation and Capital Vacations' verbal confirmation, Capital Vacations continued to bill and collect on the cancelled account.

73. S.C. Code § 27-32-120(C) provides that a contract made in violation of the Act is voidable at the sole option of the purchaser and entitles the purchaser to a refund of all consideration paid.

74. Capital Vacations' violations were willful and intentional, not inadvertent. Capital Vacations charged before the cooling-off period ended and deliberately failed to honor Plaintiff's statutory cancellation right.

75. Plaintiff is entitled to recover all unauthorized charges, exemplary damages as permitted by law, attorney's fees, costs, and prejudgment interest.

14495404.1.15-19

ELECTRONICALLY FILED - 2026 Jul 29 3:29 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

**FOR A SIXTH CAUSE OF ACTION**

**SOUTH CAROLINA UNFAIR TRADE PRACTICES ACT**

**S.C. Code § 39-5-10 et seq.**

**(Against Barclays Bank Delaware, Capital Management Services, LP, and Capital Vacations Club, Inc.)**

76. Plaintiff re-alleges paragraphs 1 through 75 as if fully set forth herein.

77. The South Carolina Unfair Trade Practices Act declares unlawful unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce.

78. Capital Vacations engaged in unfair and deceptive acts or practices in trade or commerce by charging Plaintiff's Barclays credit card before expiration of the statutory cancellation period, by treating a conditional and unconsummated timeshare transaction as final, and by refusing to honor Plaintiff's timely cancellation while continuing to assess and seek payment of charges on a cancelled or unenforceable transaction.

79. Barclays engaged in unfair and deceptive acts or practices in trade or commerce by employing a perfunctory and one-sided dispute process that ignored evidence that the underlying transaction was disputed, cancelled, and legally defective, by reimposing and carrying balances arising from that transaction, and by using those charges as a basis for continued collection activity and derogatory credit reporting.

80. Capital Management Services engaged in unfair and deceptive acts or practices in trade or commerce by attempting to collect amounts arising from the same disputed and cancelled transaction after Plaintiff had already challenged the debt as unauthorized, invalid, and unenforceable.

81. The unfair and deceptive acts and practices of Barclays, Capital Management Services, and Capital Vacations affect the public interest because, upon information and belief, they were committed in the ordinary course of business, involve standardized consumer-

14495404.1.16-19

ELECTRONICALLY FILED - 2026 Jul 29 3:29 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

facing practices, and have the potential for repetition as to other South Carolina consumers.

82. As a direct and proximate result of these unfair and deceptive acts or practices, Plaintiff suffered ascertainable loss, including unauthorized charges, claimed past-due balances, charge-off damages, damage to credit reputation, time spent disputing the account, and other actual damages to be proven at trial.

83. The conduct of Barclays, Capital Management Services, and Capital Vacations was willful and knowing, entitling Plaintiff to recover actual damages, treble damages, attorney's fees, costs, and such other relief as provided by S.C. Code § 39-5-140.

**FOR A SEVENTH CAUSE OF ACTION**

**UNJUST ENRICHMENT**

**(Against Capital Vacations Club, Inc.)**

84. Plaintiff re-alleges paragraphs 1 through 83 as if fully set forth herein.

85. Capital Vacations received and retained charged amounts for which Plaintiff received no goods, services, or benefits. The contract was never fully executed, was cancelled by Plaintiff within his statutory right, and was never lawfully implemented or performed.

86. Capital Vacations has been unjustly enriched, and Plaintiff is entitled to recover the full amount wrongfully retained, together with interest and other appropriate relief.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following relief:

1. Actual damages in an amount to be determined at trial;
2. Statutory damages as allowed by the Fair Credit Billing Act, Fair Credit Reporting Act, and Fair Debt Collection Practices Act;
3. Exemplary, treble, and punitive damages as allowed by law;

14495404.1.17-19

ELECTRONICALLY FILED - 2026 Jul 21 3:29 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

4. Attorney's fees and costs;
5. An order requiring removal or correction of disputed charge-off and past-due information appearing on Plaintiff's credit reports to the extent authorized by law;
6. An order requiring cessation of unlawful collection efforts to the extent authorized by law;
7. Prejudgment and post-judgment interest; and
8. Such other and further relief as the Court deems just and proper.

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield
______________________________
Dave Maxfield, Esq., SC Bar 7163
P.O. Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

July 21, 2026

14495404.1.18-19

ELECTRONICALLY FILED - 2026 Jul 29 3:41 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF HORRY<br><br>STEVEN PLUNKETT WOODWARD,<br><br>Plaintiff,<br>Vs.<br><br>BARCLAYS BANK DELAWARE; CAPITAL MANAGEMENT SERVICES GROUP, INC.; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC, EQUIFAX INFORMATION SERVICES, LLC, and CAPITAL VACATIONS CLUB, INC,<br>Defendant, | IN THE COURT OF COMMON PLEAS<br>FIFTEENTH JUDICIAL CIRCUIT<br><br>Case No. 2026-CP-26-05643<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned employee of Dave Maxfield, Attorney, LLC do hereby swear and affirm that on **July 21, 2026**, I served the foregoing **Summons & Complaint**, by sending a copy of same by United States First Class Mail, Certified Mail, Return Receipt Requested to the following:

Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808
*(on behalf of Barclays Bank Delaware)*

Corporation Service Company
100 Coastal Drive, Ste 210
Charleston, SC 29492
*(on behalf of Capital Management Services Group, Inc.)*

Registered Agents, Inc.
6650 Rivers Ave. Ste 100
Charleston, SC 29406
*(on behalf of Capital Vacations Club, Inc.)*

CT Corporation System
2 Office Park Court, Ste 103
Columbia, SC 29223
*(on behalf of Experian Information Services, LLC)*

14495404.1.19-19

ELECTRONICALLY FILED - 2026 Jul 29 3:41 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

The Prentice-Hall Corporation System, Inc.
100 Coastal Drive, Ste. 210
Charleston, SC 29492
(on behalf of Trans Union LLC)

Corporation Service Company
100 Coastal Drive, Ste 210
Charleston, SC 29492
(on behalf of Equifax Information Services, LLC)

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield
______________________________
Dave Maxfield, Esq., SC Bar No. 7163
PO Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

DATED: July 21, 2026

ELECTRONICALLY FILED - 2026 Jul 29 3:41 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

## Certified Mail Tracking

Track another [ ] track it

**Tracking ID: 9214890142980490255424**

**Job: Woodward v. Barclays SC (#14495404)**

**To: VIA CERTIFIED MAIL Corporation Service Company**

## Tracking: 9214890142980490255424

**Events**

| When | What | Where |
| --- | --- | --- |
| 2026-07-27 11:43 | Delivered, Individual Picked Up at Post Office | WILMINGTON, DE 19808 |
| 2026-07-27 09:19 | Available for Pickup | WILMINGTON, DE 19808 |
| 2026-07-27 09:09 | Arrived at Post Office | WILMINGTON, DE 19808 |
| 2026-07-25 13:23 | Arrived at USPS Regional Destination Facility | WILMINGTON DE DISTRIBUTION CENTER |
| 2026-07-24 00:00 | In Transit to Next Facility | |

| When | What | Where |
|---|---|---|
| 2026-07-23 22:28 | Shipment Received, Package Acceptance Pending | PHOENIX, AZ 85026 |
| 2026-07-23 22:20 | Arrived at USPS Regional Origin Facility | PHOENIX AZ DISTRIBUTION CENTER |
| 2026-07-23 21:05 | Accepted at USPS Regional Origin Facility | PHOENIX AZ DISTRIBUTION CENTER |
| 2026-07-23 00:00 | Pre-Shipment, USPS Awaiting Item | |

The source of all Certified Mail tracking information comes from the USPS and is verifiable at USPS.com.

Print The Above

ELECTRONICALLY FILED - 2026 Jul 29 3:41 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

ELECTRONICALLY FILED - 2026 Jul 29 3:49 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

# Certificate of Electronic Notification

| Recipients |
| --- |
| **David Maxfield** - Notification transmitted on 2026-07-29 15:42:13.123. |

ELECTRONICALLY FILED - 2026 Jul 29 3:49 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

***** IMPORTANT NOTICE - READ THIS INFORMATION *****

NOTICE OF ELECTRONIC FILING [NEF]

**A filing has been submitted to the court RE:** 2026CP2605643

| | |
|---|---|
| **Official File Stamp:** | 07-29-2026 03:41:46 PM |
| **Court:** | CIRCUIT COURT<br>Common Pleas<br>Horry |
| **Case Title:** | Steven Plunkett Woodward VS Barclays Bank Delaware , defendant, et al |
| **Document(s) Submitted:** | Service/Certificate Of Service Certified Mail<br>- Exhibit/Filing of Exhibits<br>- Exhibit/Filing of Exhibits |
| **Filed by or on behalf of:** | David Andrew Maxfield |

This notice was automatically generated by the court's auto-notification system.

**The following people were served electronically:**

David Andrew Maxfield for Steven Plunkett Woodward

**The following people have not been served electronically by the Court. Therefore, they must be served by traditional means:**

Capital Management Services Group Inc
Experian Information Solutions Inc
Trans Union LLC
Equifax Information Services LLC
Capital Vacations Club Inc
Barclays Bank Delaware

ELECTRONICALLY FILED - 2026 Jul 29 3:49 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

STATE OF SOUTH CAROLINA

COUNTY OF HORRY

IN THE COURT OF COMMON PLEAS
FIFTEENTH JUDICIAL CIRCUIT

Case No. 2026-CP-26-05643

STEVEN PLUNKETT WOODWARD,

Plaintiff,

Vs.

BARCLAYS BANK DELAWARE; CAPITAL MANAGEMENT SERVICES GROUP, INC.; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; EQUIFAX INFORMATION SERVICES, LLC; and CAPITAL VACATIONS CLUB, INC.,

Defendant(s).

**PROOF OF SERVICE**

I, the undersigned, have served **Corporation Service Company** as registered agent for **Capital Management Services Group, Inc.** by U.S. First Class Mail, Certified Delivery, Return Receipt Requested on **July 29, 2026**, with a **Summons & Complaint** in the above-entitled action as shown by the attached receipt.

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield

David A. Maxfield, Esq., SC Bar No. 7163
P.O. Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

DATED: July 29, 2026

ELECTRONICALLY FILED - 2026 Jul 29 3:49 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

14495383.1.1-19

**USPS CERTIFIED MAIL**

**9214 8901 4298 0490 2551 65**

***CERTIFIED MAIL***

Dave Maxfield, Attorney, LLC
PO Box 11865
Columbia SC 29211

00144953830000011
VIA CERTIFIED MAIL
Corporation Service Company
100 Coastal Drive, Ste 210
Charleston SC 29492

14495383.1.2-19

davemaxfield
CONSUMER PROTECTION LAW

Dave Maxfield, Attorney, LLC
Phone: 803-509-6800
Fax: 855-299-1656
ConsumerLawSC.com

2191 Pickens Street
Suite 317
Columbia, SC 29201

*Member, National Association of Consumer Advocates*

ELECTRONICALLY FILED - 2026 Jul 29 3:49 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

July 22, 2026

**VIA CERTIFIED MAIL**
Corporation Service Company
100 Coastal Drive, Ste 210
Charleston, SC 29492

RE: Steven Plunkett Woodward v. Barclays Bank Delaware, Capital Management Services Group, Inc., Experian Information Solutions, Inc., Trans Union LLC, Equifax Information Services, LLC and Capital Vacations Club, Inc.
Case No. 2026-CP-26-05643

Dear Sir or Madam:

Enclosed herewith and served upon you on behalf of **Capital Management Services, L.P.**, is a filed copy of a **Summons & Complaint** in the above matter.

Sincerely,

/s/ Kristy Woodward
Paralegal to Dave Maxfield

Enc.

14495383.1.3-19

ELECTRONICALLY FILED - 2026 Jul 29 3:29 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF HORRY | FIFTEENTH JUDICIAL CIRCUIT |
| STEVEN PLUNKETT WOODWARD,<br>Plaintiff, | |
| -vs- | Case No. |
| BARCLAYS BANK DELAWARE; CAPITAL MANAGEMENT SERVICES GROUP, INC.; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; EQUIFAX INFORMATION SERVICES, LLC; and CAPITAL VACATIONS CLUB, INC.,<br>Defendants. | **SUMMONS** |

TO: THE DEFENDANT(S) ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is hereby served upon you and to serve a copy of your Answer to the said Complaint on the subscriber, David A. Maxfield, Esquire, at his office at PO Box 11865, Columbia, South Carolina 29211 within thirty (30) days after service hereof, exclusive of the date of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the court for the relief demanded in the Complaint. If you fail to appear and defend, judgment by default will be rendered against you for the relief demanded in the Complaint.

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield

Dave Maxfield, Esq., SC Bar No. 7163
PO Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

DATED: July 21, 2026

14495383.1.4-19

ELECTRONICALLY FILED - 2026 Jul 29 3:29 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF HORRY | FIFTEENTH JUDICIAL CIRCUIT |
| STEVEN PLUNKETT WOODWARD, | |
| Plaintiff, | |
| v. | **COMPLAINT** |
| BARCLAYS BANK DELAWARE; CAPITAL MANAGEMENT SERVICES GROUP, INC.; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; EQUIFAX INFORMATION SERVICES, LLC; and CAPITAL VACATIONS CLUB, INC., | (Jury Trial Requested) |
| Defendants. | |

Plaintiff Steven Plunkett Woodward brings this action for damages arising from unlawful billing practices, improper credit reporting, unauthorized charges, and violations of South Carolina's timeshare consumer protection statutes.

## I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over Plaintiff's claims arising under the Fair Credit Billing Act, 15 U.S.C. § 1666, the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., the South Carolina Vacation Time Sharing Plans Act, S.C. Code § 27-32-10 et seq., and the South Carolina Unfair Trade Practices Act, S.C. Code § 39-5-10 et seq.
2. Venue is proper in Horry County because the timeshare transaction was executed in Myrtle Beach, South Carolina, Defendant Capital Vacations maintains its principal place of business in Horry County, and material facts and transactions giving rise to these claims occurred in Horry County.

14495383.1.5-19

ELECTRONICALLY FILED - 2026 Jul 29 3:29 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

3. This Court has personal jurisdiction over all Defendants.

## II. PARTIES

4. Plaintiff Steven Plunkett Woodward is a resident of South Carolina.
5. Defendant Barclays Bank Delaware ("Barclays") is, and at all times relevant was, a national banking association and financial institution organized and existing under the laws of the State of Delaware, with its principal place of business and corporate headquarters located in Wilmington, Delaware. Barclays issued the Capital Vacations® World Mastercard account at issue in this action to Plaintiff and, in connection with that account, regularly furnishes information to consumer reporting agencies regarding consumers' credit obligations and payment histories.
6. Defendant Capital Management Services Group, Inc.("CMS") is, and at all times relevant was, a limited partnership organized under the laws of the State of New York, with its principal place of business and corporate headquarters located in Buffalo, New York. CMS is engaged in the business of collecting defaulted consumer debts on behalf of itself and/or others, and in that capacity sent collection notices and other collection communications to Plaintiff concerning the account at issue in this case.
7. Defendant Capital Vacations Club, Inc. ("Capital Vacations") is, and at all times relevant was, a corporation organized and existing under the laws of the State of Florida, with its principal place of business and corporate headquarters located in Myrtle Beach, Horry County, South Carolina. Capital Vacations develops, markets, and manages vacation ownership interests and timeshare programs, including the timeshare interest and related account at issue in this action.
8. Defendant Equifax Information Services, LLC ("Equifax") is a foreign limited liability company with its principal place of business, nerve center, and headquarters in the State

14495383.1.6-19

ELECTRONICALLY FILED - 2026 Jul 29 3:29 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

of Georgia. Equifax is a consumer reporting agency that maintains consumer credit files and reports consumer information.

9. Defendant Trans Union LLC ("Trans Union") is a foreign limited liability company with its principal place of business, nerve center, and headquarters in the State of Illinois. Trans Union is a consumer reporting agency that maintains consumer credit files and reports consumer information.

10. Defendant Experian Information Solutions, Inc. ("Experian") is a foreign corporation with its principal place of business, nerve center, and headquarters in the State of Texas. Experian is a consumer reporting agency that maintains consumer credit files and reports consumer information.

## III. FACTUAL ALLEGATIONS

### A. The Timeshare Transaction and Cancellation

11. On July 7, 2025, Plaintiff and his wife, Jayne, met with Capital Vacations in Myrtle Beach to discuss converting an existing timeshare to a points-based system. The timeshare is co-owned by Plaintiff, his wife, and their adult sons, Todd and Bradley, whose names appear on the original deed.

12. Plaintiff and his wife signed a Capital Vacations Club Capital Plus Purchase and Security Agreement, Contract No. 1277902. The contract was conditional and not binding unless and until all co-owners, including the adult sons, signed the agreement.

13. The adult sons refused to sign the agreement after reviewing it and advised against proceeding with the conversion.

14. Because all co-owners did not consent and did not sign, the contract was never fully executed and remained void and unenforceable.

15. Capital Vacations provided Plaintiff with a Capital Vacations® World Mastercard, a co-branded credit card issued by Barclays specifically designed for timeshare purchasers.

14495383.1.7-19

ELECTRONICALLY FILED - 2026 Jul 29 3:29 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

Plaintiff understood this card would be used only after the contract was complete and all parties had signed.

16. On July 7, 2025, the day of signing, Capital Vacations charged $7,734.09 to Plaintiff's Capital Vacations® World Mastercard without authorization or notice. The charge was characterized as a "down payment," but Plaintiff had not authorized any immediate charge.

17. Capital Vacations also charged $159.95 in "enrollment fees" to the same card on the same day.

18. The July 7 charges violated South Carolina timeshare law. S.C. Code § 27-32-60 prohibits any seller from charging or accepting payment until after the five-day cancellation period expires, and these charges were made on the day of signing, well within that period.

19. On July 8, 2025, the morning after signing, Plaintiff and his wife returned to Capital Vacations' office.

20. They informed Capital Vacations' representative that they wished to cancel the transaction because their sons refused to participate. The representative instructed them to return all contract materials to the front desk, which they immediately did.

21. The Capital Vacations representative verbally confirmed that the contract was "terminated" and that no further charges would be made to their credit card.

22. This verbal cancellation, made on July 8, 2025, was exercised within one day of signing and well within South Carolina's mandatory five-day cancellation period provided in S.C. Code § 27-32-40.

23. Despite this cancellation, Capital Vacations continued to bill Plaintiff's card for monthly dues of $243.54 and $243.63, facility fees, and other charges throughout the remainder of 2025 and into 2026.

14495383.1.8-19

ELECTRONICALLY FILED - 2026 Jul 29 3:29 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

24. As of July 2026, Plaintiff's account with Barclays remained open with a disputed balance. The account had been written off by Barclays with a $487 charge-off and $809 remaining past due.

**B. Barclays' Failure to Investigate**

25. Plaintiff discovered the unauthorized July 2025 charges when he received his August credit card statement and immediately disputed the charges with Barclays.
26. On October 3, 2025, Plaintiff submitted written billing dispute letters to Barclays covering the $7,734.09 charge, the $159.95 fee, and other disputed transactions.
27. Barclays initiated an investigation but conducted no reasonable inquiry. Instead, Barclays contacted Capital Vacations and asked simply whether the charges were valid, and Capital Vacations responded that it had no record of receiving a written cancellation letter.
28. Barclays accepted Capital Vacations' one-sided response without investigating the threshold facts, including whether the contract was ever fully executed, whether Plaintiff had exercised his statutory right to cancel, and whether charges on the day of signing violated South Carolina law.
29. Barclays reapplied disputed charges to Plaintiff's account. On December 24, 2025, Barclays denied a $243.54 dispute. On April 29, 2026, Barclays denied a $243.63 dispute, though Plaintiff did not receive that letter until July 7, 2026.
30. Throughout 2025 and into 2026, the account deteriorated from current status to 30, 60, 90, and finally 120-plus days past due. Barclays continued to assess late fees and interest.
31. In June 2026, Barclays formally charged off the account, writing off $487 as uncollectible and reporting $809 past due to consumer reporting agencies.

14495383.1.9-19

ELECTRONICALLY FILED - 2026 Jul 29 3:29 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

**C. Credit Reporting Violations**

32. On June 23, 2026, Trans Union completed its dispute reinvestigation and reported the account as "VERIFIED AS ACCURATE" based on Barclays' assertion, without conducting any independent investigation of Plaintiff's claims regarding contract invalidity or his statutory cancellation right.
33. Trans Union's reinvestigation result noted that the account was "120 Days Past Due Date" and was "Closed by credit grantor" as of March 6, 2026, yet Trans Union accepted Barclays' verification of accuracy without addressing the contradiction that an account under active consumer dispute had been reported as delinquent.
34. On July 15, 2026, Plaintiff obtained his Experian credit report showing the account as "Account charged off. $487 written off. $809 past due as of Jul 2026."
35. Despite Plaintiff's documented, ongoing written disputes with Barclays since October 2025, Trans Union and Experian failed to properly note on his credit reports that the underlying charges remained disputed and instead reported that Barclays had verified the accuracy of the charges without independent examination.

**D. Collection Activity**

36. On March 13, 2026, Capital Management Services sent Plaintiff a collection notice demanding payment of $657.89 allegedly owed to Barclays Bank Delaware on the Capital Vacations account.
37. This collection notice was sent despite Plaintiff's clearly documented, ongoing written dispute of the charges with Barclays since October 2025.

14495383.1.10-19

ELECTRONICALLY FILED - 2026 Jul 29 3:29 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

**FOR A FIRST CAUSE OF ACTION**

**FAIR CREDIT BILLING ACT § 1666**

**(Against Barclays Bank Delaware)**

38. Plaintiff re-alleges paragraphs 1 through 37 as if fully set forth herein.

39. Under 15 U.S.C. § 1666(a), when a consumer submits a timely written billing dispute, the creditor must conduct a reasonable investigation within two billing cycles and respond to the consumer.

40. Plaintiff timely disputed the charges and provided clear facts, including that the contract was conditional and not binding without all co-owners' signatures, that the co-owners refused to sign, that Plaintiff cancelled on July 8, 2025 within one day and within the five-day statutory window, that he returned all materials as instructed, and that Capital Vacations verbally confirmed the cancellation.

41. Barclays conducted no reasonable investigation. Barclays did not examine whether the contract was fully executed, did not investigate Plaintiff's statutory right to cancel, did not request documentation from Plaintiff, did not examine the timeline showing charges on the day of signing before the five-day cancellation period had expired, and did not probe Capital Vacations' claim that it had no record of a cancellation letter.

42. Barclays' investigation was purely mechanical: it asked the merchant, accepted the merchant's answer, and denied the dispute. This fell below the statutory standard of reasonableness.

43. Barclays' failure to investigate caused wrongful denial of Plaintiff's disputes, continued assessment of charges and interest, reapplication of disputed amounts, and continued reporting of the disputed amounts as valid debt to consumer reporting agencies.

44. Barclays' conduct was willful or reckless. The facts presented obvious issues that any reasonable investigation would have identified.

14495383.1.11-19

ELECTRONICALLY FILED - 2026 Jul 29 3:29 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

45. Plaintiff is entitled to recover actual damages, statutory damages as allowed by law, attorney's fees, costs, and prejudgment interest.

**FOR A SECOND CAUSE OF ACTION**

**FAIR CREDIT REPORTING ACT § 1681s-2(b)**

**Furnisher's Failure to Investigate Disputes**

**(Against Barclays Bank Delaware)**

46. Plaintiff re-alleges paragraphs 1 through 45 as if fully set forth herein.
47. Under 15 U.S.C. § 1681s-2(b), when a consumer reporting agency notifies a furnisher of a consumer's dispute, the furnisher must conduct a reasonable investigation, review all relevant information, and report accurate results back to the agency.
48. Barclays received disputes from Experian, Trans Union, and Equifax regarding Plaintiff's challenged charges and failed to conduct any reasonable investigation. Instead, Barclays summarily certified to the agencies that the information was verified as accurate.
49. Barclays did not examine whether the contract was binding without co-owner signatures, did not investigate whether Plaintiff had validly cancelled within the statutory period, and accepted its own one-sided account position without meaningful review.
50. Barclays' certification was inaccurate and was not the product of a reasonable investigation. This willful failure caused consumer reporting agencies to continue reporting incorrect and disputed information as if verified.
51. Plaintiff is entitled to recover actual damages, statutory damages as allowed by law, punitive damages where authorized, attorney's fees, costs, and prejudgment interest.

14495383.1.12-19

ELECTRONICALLY FILED - 2026 Jul 29 3:29 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

**FOR A THIRD CAUSE OF ACTION**

**FAIR CREDIT REPORTING ACT § 1681i**

**Negligent Reinvestigation of Disputed Information**

**(Against Experian Information Solutions, Inc., Trans Union LLC, and Equifax Information Services, LLC)**

52. Plaintiff re-alleges paragraphs 1 through 51 as if fully set forth herein.
53. Under 15 U.S.C. § 1681i(a), when a consumer disputes information in his credit file, a consumer reporting agency must conduct a reasonable reinvestigation.
54. Plaintiff submitted disputes to Experian, Trans Union, and Equifax challenging the accuracy and validity of the reported account charges and delinquency status.
55. Each of these Defendants conducted a pro forma reinvestigation by forwarding Plaintiff's dispute to Barclays and accepting Barclays' response that the information was verified as accurate without any independent evaluation.
56. This was not a reasonable reinvestigation. The agencies made no independent attempt to verify whether the original contract was binding without all co-owners' signatures, whether Plaintiff had a statutory right to cancel, or whether his timely cancellation was valid. Each agency relied entirely on Barclays' perfunctory assertion.
57. A reasonable reinvestigation would have required obtaining competent support for Barclays' verification, noting on Plaintiff's credit report that the account remained disputed, or determining that Barclays' response was insufficient.
58. As a direct and proximate result, these Defendants continued reporting Plaintiff's account as charged off and past due despite the underlying charges being disputed and likely uncollectible.
59. Plaintiff is entitled to recover actual damages, statutory damages as allowed by law, attorney's fees, costs, and prejudgment interest.

14495383.1.13-19

ELECTRONICALLY FILED - 2026 Jul 29 3:29 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

**FOR A FOURTH CAUSE OF ACTION**

**FAIR DEBT COLLECTION PRACTICES ACT § 1692g**

**Collection of Disputed Debt**

**(Against Capital Management Services, LP)**

60. Plaintiff re-alleges paragraphs 1 through 59 as if fully set forth herein.
61. Under 15 U.S.C. § 1692g(b), if a consumer disputes a debt in writing within 30 days of a collection notice, the debt collector must cease collection efforts until it provides verification of the debt.
62. On March 13, 2026, Capital Management Services sent Plaintiff a collection notice for $657.89 regarding the Capital Vacations account.
63. The underlying charges had been disputed in writing with Barclays since October 2025, and the debt being collected arose from a transaction Plaintiff had contested as unauthorized, cancelled, and unenforceable.
64. To the extent Capital Management Services continued collection activity after receiving proper notice of Plaintiff's dispute and without providing legally sufficient verification, it violated 15 U.S.C. § 1692g(b).
65. Plaintiff is entitled to recover actual damages, statutory damages as allowed by law, attorney's fees, and costs.

**FOR A FIFTH CAUSE OF ACTION**

**SOUTH CAROLINA VACATION TIME SHARING PLANS ACT**

**Violations of §§ 27-32-40, 27-32-50, and 27-32-60**

**(Against Capital Vacations Club, Inc.)**

66. Plaintiff re-alleges paragraphs 1 through 65 as if fully set forth herein.
67. S.C. Code § 27-32-40 provides an absolute, unwaivable right for a purchaser to cancel a timeshare contract within five days of signing without penalty or obligation.

14495383.1.14-19

ELECTRONICALLY FILED - 2026 Jul 29 3:29 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

68. S.C. Code § 27-32-50 requires that a seller honor, without fail or refusal, a purchaser's timely request to cancel within the statutory period.
69. S.C. Code § 27-32-60 prohibits a seller from charging or accepting payment until after expiration of the five-day cancellation period.
70. Capital Vacations violated § 27-32-60 by charging Plaintiff $7,734.09 and $159.95 on July 7, 2025, the day of signing, before the five-day cancellation period had expired and before Plaintiff had authorized the charges.
71. Plaintiff exercised his statutory right to cancel on July 8, 2025, one day after signing and well within the five-day period. He did so by informing Capital Vacations' representative of the cancellation and returning all contract materials as instructed.
72. Capital Vacations violated § 27-32-50 by refusing to honor Plaintiff's cancellation. Despite his clear cancellation and Capital Vacations' verbal confirmation, Capital Vacations continued to bill and collect on the cancelled account.
73. S.C. Code § 27-32-120(C) provides that a contract made in violation of the Act is voidable at the sole option of the purchaser and entitles the purchaser to a refund of all consideration paid.
74. Capital Vacations' violations were willful and intentional, not inadvertent. Capital Vacations charged before the cooling-off period ended and deliberately failed to honor Plaintiff's statutory cancellation right.
75. Plaintiff is entitled to recover all unauthorized charges, exemplary damages as permitted by law, attorney's fees, costs, and prejudgment interest.

14495383.1.15-19

ELECTRONICALLY FILED - 2026 Jul 29 3:49 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

**FOR A SIXTH CAUSE OF ACTION**

**SOUTH CAROLINA UNFAIR TRADE PRACTICES ACT**

**S.C. Code § 39-5-10 et seq.**

**(Against Barclays Bank Delaware, Capital Management Services, LP, and Capital Vacations Club, Inc.)**

76. Plaintiff re-alleges paragraphs 1 through 75 as if fully set forth herein.

77. The South Carolina Unfair Trade Practices Act declares unlawful unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce.

78. Capital Vacations engaged in unfair and deceptive acts or practices in trade or commerce by charging Plaintiff's Barclays credit card before expiration of the statutory cancellation period, by treating a conditional and unconsummated timeshare transaction as final, and by refusing to honor Plaintiff's timely cancellation while continuing to assess and seek payment of charges on a cancelled or unenforceable transaction.

79. Barclays engaged in unfair and deceptive acts or practices in trade or commerce by employing a perfunctory and one-sided dispute process that ignored evidence that the underlying transaction was disputed, cancelled, and legally defective, by reimposing and carrying balances arising from that transaction, and by using those charges as a basis for continued collection activity and derogatory credit reporting.

80. Capital Management Services engaged in unfair and deceptive acts or practices in trade or commerce by attempting to collect amounts arising from the same disputed and cancelled transaction after Plaintiff had already challenged the debt as unauthorized, invalid, and unenforceable.

81. The unfair and deceptive acts and practices of Barclays, Capital Management Services, and Capital Vacations affect the public interest because, upon information and belief, they were committed in the ordinary course of business, involve standardized consumer-

14495383.1.16-19

ELECTRONICALLY FILED - 2026 Jul 29 3:29 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

facing practices, and have the potential for repetition as to other South Carolina consumers.

82. As a direct and proximate result of these unfair and deceptive acts or practices, Plaintiff suffered ascertainable loss, including unauthorized charges, claimed past-due balances, charge-off damages, damage to credit reputation, time spent disputing the account, and other actual damages to be proven at trial.

83. The conduct of Barclays, Capital Management Services, and Capital Vacations was willful and knowing, entitling Plaintiff to recover actual damages, treble damages, attorney's fees, costs, and such other relief as provided by S.C. Code § 39-5-140.

**FOR A SEVENTH CAUSE OF ACTION**

**UNJUST ENRICHMENT**

**(Against Capital Vacations Club, Inc.)**

84. Plaintiff re-alleges paragraphs 1 through 83 as if fully set forth herein.

85. Capital Vacations received and retained charged amounts for which Plaintiff received no goods, services, or benefits. The contract was never fully executed, was cancelled by Plaintiff within his statutory right, and was never lawfully implemented or performed.

86. Capital Vacations has been unjustly enriched, and Plaintiff is entitled to recover the full amount wrongfully retained, together with interest and other appropriate relief.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following relief:

1. Actual damages in an amount to be determined at trial;
2. Statutory damages as allowed by the Fair Credit Billing Act, Fair Credit Reporting Act, and Fair Debt Collection Practices Act;
3. Exemplary, treble, and punitive damages as allowed by law;

14495383.1.17-19

ELECTRONICALLY FILED - 2026 Jul 29 3:29 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

4. Attorney's fees and costs;
5. An order requiring removal or correction of disputed charge-off and past-due information appearing on Plaintiff's credit reports to the extent authorized by law;
6. An order requiring cessation of unlawful collection efforts to the extent authorized by law;
7. Prejudgment and post-judgment interest; and
8. Such other and further relief as the Court deems just and proper.

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield

Dave Maxfield, Esq., SC Bar 7163
P.O. Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

July 21, 2026

14495383.1.18-19

ELECTRONICALLY FILED - 2026 Jul 29 3:49 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF HORRY<br><br>STEVEN PLUNKETT WOODWARD,<br><br>Plaintiff,<br>Vs.<br><br>BARCLAYS BANK DELAWARE; CAPITAL MANAGEMENT SERVICES GROUP, INC.; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC, EQUIFAX INFORMATION SERVICES, LLC, and CAPITAL VACATIONS CLUB, INC,<br>Defendant, | IN THE COURT OF COMMON PLEAS<br>FIFTEENTH JUDICIAL CIRCUIT<br><br>Case No. 2026-CP-26-05643<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned employee of Dave Maxfield, Attorney, LLC do hereby swear and affirm that on **July 21, 2026**, I served the foregoing **Summons & Complaint**, by sending a copy of same by United States First Class Mail, Certified Mail, Return Receipt Requested to the following:

Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808
*(on behalf of Barclays Bank Delaware)*

Corporation Service Company
100 Coastal Drive, Ste 210
Charleston, SC 29492
*(on behalf of Capital Management Services Group, Inc.)*

Registered Agents, Inc.
6650 Rivers Ave. Ste 100
Charleston, SC 29406
*(on behalf of Capital Vacations Club, Inc.)*

CT Corporation System
2 Office Park Court, Ste 103
Columbia, SC 29223
*(on behalf of Experian Information Services, LLC)*

14495383.1.19-19

ELECTRONICALLY FILED - 2026 Jul 29 3:49 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

The Prentice-Hall Corporation System, Inc.
100 Coastal Drive, Ste. 210
Charleston, SC 29492
(on behalf of Trans Union LLC)

Corporation Service Company
100 Coastal Drive, Ste 210
Charleston, SC 29492
(on behalf of Equifax Information Services, LLC)

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield
______________________________

Dave Maxfield, Esq., SC Bar No. 7163
PO Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

DATED: July 21, 2026

ELECTRONICALLY FILED - 2026 Jul 29 3:49 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

## Certified Mail Tracking

Track another [ ] track it

**Tracking ID: 9214890142980490255165**

**Job: Woodward v. Capital Mgt SC (#14495383)**

**To: VIA CERTIFIED MAIL Corporation Service Company**

## Tracking: 9214890142980490255165

**Events**

| When | What | Where |
|---|---|---|
| 2026-07-29 09:41 | Delivered, Left with Individual | CHARLESTON, SC 29492 |
| 2026-07-29 08:07 | Arrived at Post Office | CHARLESTON, SC 29406 |
| 2026-07-29 07:01 | Out for Delivery | CHARLESTON, SC 29492 |
| 2026-07-27 10:38 | Arrived at USPS Regional Destination Facility | CHARLESTON SC PROCESSING CENTER |
| 2026-07-26 00:00 | In Transit to Next Facility | |
| 2026-07-23 22:28 | Shipment Received, Package Acceptance Pending | PHOENIX, AZ 85026 |

| When | What | Where |
|---|---|---|
| 2026-07-23 22:20 | Arrived at USPS Regional Origin Facility | PHOENIX AZ DISTRIBUTION CENTER |
| 2026-07-23 21:05 | Accepted at USPS Regional Origin Facility | PHOENIX AZ DISTRIBUTION CENTER |
| 2026-07-23 00:00 | Pre-Shipment, USPS Awaiting Item | |

The source of all Certified Mail tracking information comes from the USPS and is verifiable at USPS.com.

Print The Above

ELECTRONICALLY FILED - 2026 Jul 29 3:49 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

# Certificate of Electronic Notification

| Recipients |
| --- |
| **David Maxfield** - Notification transmitted on 2026-07-29 15:50:00.407. |

ELECTRONICALLY FILED - 2026 Jul 29 4:02 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

ELECTRONICALLY FILED - 2026 Jul 29 4:02 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

# ***** IMPORTANT NOTICE - READ THIS INFORMATION *****

## NOTICE OF ELECTRONIC FILING [NEF]

**A filing has been submitted to the court RE:** 2026CP2605643

| | |
|---|---|
| **Official File Stamp:** | 07-29-2026 03:49:33 PM |
| **Court:** | CIRCUIT COURT<br>Common Pleas<br>Horry |
| **Case Title:** | Steven Plunkett Woodward VS Barclays Bank Delaware , defendant, et al |
| **Document(s) Submitted:** | Service/Certificate Of Service Certified Mail<br>- Exhibit/Filing of Exhibits<br>- Exhibit/Filing of Exhibits |
| **Filed by or on behalf of:** | David Andrew Maxfield |

This notice was automatically generated by the court's auto-notification system.

**The following people were served electronically:**

David Andrew Maxfield for Steven Plunkett Woodward

**The following people have not been served electronically by the Court. Therefore, they must be served by traditional means:**

Capital Management Services Group Inc
**Address:** Capital Management Services Group Inc

Experian Information Solutions Inc
**Address:** Experian Information Solutions Inc

Trans Union LLC
**Address:** Trans Union LLC

Equifax Information Services LLC
**Address:** Equifax Information Services LLC

Capital Vacations Club Inc
**Address:** Capital Vacations Club Inc

Barclays Bank Delaware
**Address:** Barclays Bank Delaware

ELECTRONICALLY FILED - 2026 Jul 29 4:05 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF HORRY | IN THE COURT OF COMMON PLEAS<br>FIFTEENTH JUDICIAL CIRCUIT<br><br>Case No. 2026-CP-26-05643 |
| STEVEN PLUNKETT WOODWARD,<br><br>Plaintiff,<br>Vs.<br><br>BARCLAYS BANK DELAWARE; CAPITAL MANAGEMENT SERVICES GROUP, INC.; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; EQUIFAX INFORMATION SERVICES, LLC; and CAPITAL VACATIONS CLUB, INC.,<br><br>Defendant(s). | **PROOF OF SERVICE** |

I, the undersigned, have served **Registered Agents, Inc.** as registered agent for **Capital Vacations Club, Inc.** by U.S. First Class Mail, Certified Delivery, Return Receipt Requested on **July 28, 2026**, with a **Summons & Complaint** in the above-entitled action as shown by the attached receipt.

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield

David A. Maxfield, Esq., SC Bar No. 7163
P.O. Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

DATED: July 29, 2026

ELECTRONICALLY FILED - 2026 Jul 29 4:05 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

14495358.1.1-19

**USPS CERTIFIED MAIL**

**9214 8901 4298 0490 2552 88**

***CERTIFIED MAIL***

Dave Maxfield, Attorney, LLC
PO Box 11865
Columbia SC 29211

00144953580000011
VIA CERTIFIED MAIL
Registered Agents, Inc.
6650 Rivers Ave. Ste 100
Charleston SC 29406

14495358.1.2-19

davemaxfield
CONSUMER PROTECTION LAW

Dave Maxfield, Attorney, LLC
Phone: 803-509-6800
Fax: 855-299-1656
ConsumerLawSC.com

2191 Pickens Street
Suite 317
Columbia, SC 29201

*Member, National Association of Consumer Advocates*

ELECTRONICALLY FILED - 2026 Jul 29 4:05 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

July 22, 2026

**VIA CERTIFIED MAIL**
Registered Agents, Inc.
6650 Rivers Ave. Ste 100
Charleston, SC 29406

RE: Steven Plunkett Woodward v. Barclays Bank Delaware, Capital Management Services Group, Inc., Experian Information Solutions, Inc., Trans Union LLC, Equifax Information Services, LLC and Capital Vacations Club, Inc.
Case No. 2026-CP-26-05643

Dear Sir or Madam:

Enclosed herewith and served upon you on behalf of **Capital Vacations Club, Inc.**, is a filed copy of a **Summons & Complaint** in the above matter.

Sincerely,

/s/ Kristy Woodward
Paralegal to Dave Maxfield

Enc.

14495358.1.3-19

ELECTRONICALLY FILED - 2026 Jul 29 4:09 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF HORRY | FIFTEENTH JUDICIAL CIRCUIT |
| STEVEN PLUNKETT WOODWARD,<br>Plaintiff,<br>-vs-<br>BARCLAYS BANK DELAWARE; CAPITAL MANAGEMENT SERVICES GROUP, INC.; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; EQUIFAX INFORMATION SERVICES, LLC; and CAPITAL VACATIONS CLUB, INC.,<br>Defendants. | Case No.<br>**SUMMONS** |

TO: THE DEFENDANT(S) ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is hereby served upon you and to serve a copy of your Answer to the said Complaint on the subscriber, David A. Maxfield, Esquire, at his office at PO Box 11865, Columbia, South Carolina 29211 within thirty (30) days after service hereof, exclusive of the date of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the court for the relief demanded in the Complaint. If you fail to appear and defend, judgment by default will be rendered against you for the relief demanded in the Complaint.

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield

Dave Maxfield, Esq., SC Bar No. 7163
PO Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

DATED: July 21, 2026

14495358.1.4-19

ELECTRONICALLY FILED - 2026 Jul 29 4:09 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF HORRY | FIFTEENTH JUDICIAL CIRCUIT |
| STEVEN PLUNKETT WOODWARD, | |
| Plaintiff, | |
| v. | **COMPLAINT** |
| BARCLAYS BANK DELAWARE; CAPITAL MANAGEMENT SERVICES GROUP, INC.; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; EQUIFAX INFORMATION SERVICES, LLC; and CAPITAL VACATIONS CLUB, INC., | (Jury Trial Requested) |
| Defendants. | |

Plaintiff Steven Plunkett Woodward brings this action for damages arising from unlawful billing practices, improper credit reporting, unauthorized charges, and violations of South Carolina's timeshare consumer protection statutes.

## I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over Plaintiff's claims arising under the Fair Credit Billing Act, 15 U.S.C. § 1666, the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., the South Carolina Vacation Time Sharing Plans Act, S.C. Code § 27-32-10 et seq., and the South Carolina Unfair Trade Practices Act, S.C. Code § 39-5-10 et seq.
2. Venue is proper in Horry County because the timeshare transaction was executed in Myrtle Beach, South Carolina, Defendant Capital Vacations maintains its principal place of business in Horry County, and material facts and transactions giving rise to these claims occurred in Horry County.

14495358.1.5-19

ELECTRONICALLY FILED - 2026 Jul 29 4:09 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

3. This Court has personal jurisdiction over all Defendants.

## II. PARTIES

4. Plaintiff Steven Plunkett Woodward is a resident of South Carolina.
5. Defendant Barclays Bank Delaware ("Barclays") is, and at all times relevant was, a national banking association and financial institution organized and existing under the laws of the State of Delaware, with its principal place of business and corporate headquarters located in Wilmington, Delaware. Barclays issued the Capital Vacations® World Mastercard account at issue in this action to Plaintiff and, in connection with that account, regularly furnishes information to consumer reporting agencies regarding consumers' credit obligations and payment histories.
6. Defendant Capital Management Services Group, Inc.("CMS") is, and at all times relevant was, a limited partnership organized under the laws of the State of New York, with its principal place of business and corporate headquarters located in Buffalo, New York. CMS is engaged in the business of collecting defaulted consumer debts on behalf of itself and/or others, and in that capacity sent collection notices and other collection communications to Plaintiff concerning the account at issue in this case.
7. Defendant Capital Vacations Club, Inc. ("Capital Vacations") is, and at all times relevant was, a corporation organized and existing under the laws of the State of Florida, with its principal place of business and corporate headquarters located in Myrtle Beach, Horry County, South Carolina. Capital Vacations develops, markets, and manages vacation ownership interests and timeshare programs, including the timeshare interest and related account at issue in this action.
8. Defendant Equifax Information Services, LLC ("Equifax") is a foreign limited liability company with its principal place of business, nerve center, and headquarters in the State

14495358.1.6-19

ELECTRONICALLY FILED - 2026 Jul 29 4:09 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

of Georgia. Equifax is a consumer reporting agency that maintains consumer credit files and reports consumer information.

9. Defendant Trans Union LLC ("Trans Union") is a foreign limited liability company with its principal place of business, nerve center, and headquarters in the State of Illinois. Trans Union is a consumer reporting agency that maintains consumer credit files and reports consumer information.

10. Defendant Experian Information Solutions, Inc. ("Experian") is a foreign corporation with its principal place of business, nerve center, and headquarters in the State of Texas. Experian is a consumer reporting agency that maintains consumer credit files and reports consumer information.

## III. FACTUAL ALLEGATIONS

### A. The Timeshare Transaction and Cancellation

11. On July 7, 2025, Plaintiff and his wife, Jayne, met with Capital Vacations in Myrtle Beach to discuss converting an existing timeshare to a points-based system. The timeshare is co-owned by Plaintiff, his wife, and their adult sons, Todd and Bradley, whose names appear on the original deed.

12. Plaintiff and his wife signed a Capital Vacations Club Capital Plus Purchase and Security Agreement, Contract No. 1277902. The contract was conditional and not binding unless and until all co-owners, including the adult sons, signed the agreement.

13. The adult sons refused to sign the agreement after reviewing it and advised against proceeding with the conversion.

14. Because all co-owners did not consent and did not sign, the contract was never fully executed and remained void and unenforceable.

15. Capital Vacations provided Plaintiff with a Capital Vacations® World Mastercard, a co-branded credit card issued by Barclays specifically designed for timeshare purchasers.

14495358.1.7-19

ELECTRONICALLY FILED - 2026 Jul 29 4:09 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

Plaintiff understood this card would be used only after the contract was complete and all parties had signed.

16. On July 7, 2025, the day of signing, Capital Vacations charged $7,734.09 to Plaintiff's Capital Vacations® World Mastercard without authorization or notice. The charge was characterized as a "down payment," but Plaintiff had not authorized any immediate charge.
17. Capital Vacations also charged $159.95 in "enrollment fees" to the same card on the same day.
18. The July 7 charges violated South Carolina timeshare law. S.C. Code § 27-32-60 prohibits any seller from charging or accepting payment until after the five-day cancellation period expires, and these charges were made on the day of signing, well within that period.
19. On July 8, 2025, the morning after signing, Plaintiff and his wife returned to Capital Vacations' office.
20. They informed Capital Vacations' representative that they wished to cancel the transaction because their sons refused to participate. The representative instructed them to return all contract materials to the front desk, which they immediately did.
21. The Capital Vacations representative verbally confirmed that the contract was "terminated" and that no further charges would be made to their credit card.
22. This verbal cancellation, made on July 8, 2025, was exercised within one day of signing and well within South Carolina's mandatory five-day cancellation period provided in S.C. Code § 27-32-40.
23. Despite this cancellation, Capital Vacations continued to bill Plaintiff's card for monthly dues of $243.54 and $243.63, facility fees, and other charges throughout the remainder of 2025 and into 2026.

14495358.1.8-19

ELECTRONICALLY FILED - 2026 Jul 29 4:09 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

24. As of July 2026, Plaintiff's account with Barclays remained open with a disputed balance. The account had been written off by Barclays with a $487 charge-off and $809 remaining past due.

**B. Barclays' Failure to Investigate**

25. Plaintiff discovered the unauthorized July 2025 charges when he received his August credit card statement and immediately disputed the charges with Barclays.
26. On October 3, 2025, Plaintiff submitted written billing dispute letters to Barclays covering the $7,734.09 charge, the $159.95 fee, and other disputed transactions.
27. Barclays initiated an investigation but conducted no reasonable inquiry. Instead, Barclays contacted Capital Vacations and asked simply whether the charges were valid, and Capital Vacations responded that it had no record of receiving a written cancellation letter.
28. Barclays accepted Capital Vacations' one-sided response without investigating the threshold facts, including whether the contract was ever fully executed, whether Plaintiff had exercised his statutory right to cancel, and whether charges on the day of signing violated South Carolina law.
29. Barclays reapplied disputed charges to Plaintiff's account. On December 24, 2025, Barclays denied a $243.54 dispute. On April 29, 2026, Barclays denied a $243.63 dispute, though Plaintiff did not receive that letter until July 7, 2026.
30. Throughout 2025 and into 2026, the account deteriorated from current status to 30, 60, 90, and finally 120-plus days past due. Barclays continued to assess late fees and interest.
31. In June 2026, Barclays formally charged off the account, writing off $487 as uncollectible and reporting $809 past due to consumer reporting agencies.

14495358.1.9-19

ELECTRONICALLY FILED - 2026 Jul 29 4:09 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

**C. Credit Reporting Violations**

32. On June 23, 2026, Trans Union completed its dispute reinvestigation and reported the account as "VERIFIED AS ACCURATE" based on Barclays' assertion, without conducting any independent investigation of Plaintiff's claims regarding contract invalidity or his statutory cancellation right.
33. Trans Union's reinvestigation result noted that the account was "120 Days Past Due Date" and was "Closed by credit grantor" as of March 6, 2026, yet Trans Union accepted Barclays' verification of accuracy without addressing the contradiction that an account under active consumer dispute had been reported as delinquent.
34. On July 15, 2026, Plaintiff obtained his Experian credit report showing the account as "Account charged off. $487 written off. $809 past due as of Jul 2026."
35. Despite Plaintiff's documented, ongoing written disputes with Barclays since October 2025, Trans Union and Experian failed to properly note on his credit reports that the underlying charges remained disputed and instead reported that Barclays had verified the accuracy of the charges without independent examination.

**D. Collection Activity**

36. On March 13, 2026, Capital Management Services sent Plaintiff a collection notice demanding payment of $657.89 allegedly owed to Barclays Bank Delaware on the Capital Vacations account.
37. This collection notice was sent despite Plaintiff's clearly documented, ongoing written dispute of the charges with Barclays since October 2025.

14495358.1.10-19

ELECTRONICALLY FILED - 2026 Jul 29 4:09 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

## FOR A FIRST CAUSE OF ACTION
## FAIR CREDIT BILLING ACT § 1666
## (Against Barclays Bank Delaware)

38. Plaintiff re-alleges paragraphs 1 through 37 as if fully set forth herein.
39. Under 15 U.S.C. § 1666(a), when a consumer submits a timely written billing dispute, the creditor must conduct a reasonable investigation within two billing cycles and respond to the consumer.
40. Plaintiff timely disputed the charges and provided clear facts, including that the contract was conditional and not binding without all co-owners' signatures, that the co-owners refused to sign, that Plaintiff cancelled on July 8, 2025 within one day and within the five-day statutory window, that he returned all materials as instructed, and that Capital Vacations verbally confirmed the cancellation.
41. Barclays conducted no reasonable investigation. Barclays did not examine whether the contract was fully executed, did not investigate Plaintiff's statutory right to cancel, did not request documentation from Plaintiff, did not examine the timeline showing charges on the day of signing before the five-day cancellation period had expired, and did not probe Capital Vacations' claim that it had no record of a cancellation letter.
42. Barclays' investigation was purely mechanical: it asked the merchant, accepted the merchant's answer, and denied the dispute. This fell below the statutory standard of reasonableness.
43. Barclays' failure to investigate caused wrongful denial of Plaintiff's disputes, continued assessment of charges and interest, reapplication of disputed amounts, and continued reporting of the disputed amounts as valid debt to consumer reporting agencies.
44. Barclays' conduct was willful or reckless. The facts presented obvious issues that any reasonable investigation would have identified.

14495358.1.11-19

ELECTRONICALLY FILED - 2026 Jul 29 4:09 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

45. Plaintiff is entitled to recover actual damages, statutory damages as allowed by law, attorney's fees, costs, and prejudgment interest.

**FOR A SECOND CAUSE OF ACTION**

**FAIR CREDIT REPORTING ACT § 1681s-2(b)**

**Furnisher's Failure to Investigate Disputes**

**(Against Barclays Bank Delaware)**

46. Plaintiff re-alleges paragraphs 1 through 45 as if fully set forth herein.
47. Under 15 U.S.C. § 1681s-2(b), when a consumer reporting agency notifies a furnisher of a consumer's dispute, the furnisher must conduct a reasonable investigation, review all relevant information, and report accurate results back to the agency.
48. Barclays received disputes from Experian, Trans Union, and Equifax regarding Plaintiff's challenged charges and failed to conduct any reasonable investigation. Instead, Barclays summarily certified to the agencies that the information was verified as accurate.
49. Barclays did not examine whether the contract was binding without co-owner signatures, did not investigate whether Plaintiff had validly cancelled within the statutory period, and accepted its own one-sided account position without meaningful review.
50. Barclays' certification was inaccurate and was not the product of a reasonable investigation. This willful failure caused consumer reporting agencies to continue reporting incorrect and disputed information as if verified.
51. Plaintiff is entitled to recover actual damages, statutory damages as allowed by law, punitive damages where authorized, attorney's fees, costs, and prejudgment interest.

14495358.1.12-19

ELECTRONICALLY FILED - 2026 Jul 29 4:09 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

**FOR A THIRD CAUSE OF ACTION**

**FAIR CREDIT REPORTING ACT § 1681i**

**Negligent Reinvestigation of Disputed Information**

**(Against Experian Information Solutions, Inc., Trans Union LLC, and Equifax Information Services, LLC)**

52. Plaintiff re-alleges paragraphs 1 through 51 as if fully set forth herein.

53. Under 15 U.S.C. § 1681i(a), when a consumer disputes information in his credit file, a consumer reporting agency must conduct a reasonable reinvestigation.

54. Plaintiff submitted disputes to Experian, Trans Union, and Equifax challenging the accuracy and validity of the reported account charges and delinquency status.

55. Each of these Defendants conducted a pro forma reinvestigation by forwarding Plaintiff's dispute to Barclays and accepting Barclays' response that the information was verified as accurate without any independent evaluation.

56. This was not a reasonable reinvestigation. The agencies made no independent attempt to verify whether the original contract was binding without all co-owners' signatures, whether Plaintiff had a statutory right to cancel, or whether his timely cancellation was valid. Each agency relied entirely on Barclays' perfunctory assertion.

57. A reasonable reinvestigation would have required obtaining competent support for Barclays' verification, noting on Plaintiff's credit report that the account remained disputed, or determining that Barclays' response was insufficient.

58. As a direct and proximate result, these Defendants continued reporting Plaintiff's account as charged off and past due despite the underlying charges being disputed and likely uncollectible.

59. Plaintiff is entitled to recover actual damages, statutory damages as allowed by law, attorney's fees, costs, and prejudgment interest.

14495358.1.13-19

ELECTRONICALLY FILED - 2026 Jul 29 4:09 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

**FOR A FOURTH CAUSE OF ACTION**

**FAIR DEBT COLLECTION PRACTICES ACT § 1692g**

**Collection of Disputed Debt**

**(Against Capital Management Services, LP)**

60. Plaintiff re-alleges paragraphs 1 through 59 as if fully set forth herein.
61. Under 15 U.S.C. § 1692g(b), if a consumer disputes a debt in writing within 30 days of a collection notice, the debt collector must cease collection efforts until it provides verification of the debt.
62. On March 13, 2026, Capital Management Services sent Plaintiff a collection notice for $657.89 regarding the Capital Vacations account.
63. The underlying charges had been disputed in writing with Barclays since October 2025, and the debt being collected arose from a transaction Plaintiff had contested as unauthorized, cancelled, and unenforceable.
64. To the extent Capital Management Services continued collection activity after receiving proper notice of Plaintiff's dispute and without providing legally sufficient verification, it violated 15 U.S.C. § 1692g(b).
65. Plaintiff is entitled to recover actual damages, statutory damages as allowed by law, attorney's fees, and costs.

**FOR A FIFTH CAUSE OF ACTION**

**SOUTH CAROLINA VACATION TIME SHARING PLANS ACT**

**Violations of §§ 27-32-40, 27-32-50, and 27-32-60**

**(Against Capital Vacations Club, Inc.)**

66. Plaintiff re-alleges paragraphs 1 through 65 as if fully set forth herein.
67. S.C. Code § 27-32-40 provides an absolute, unwaivable right for a purchaser to cancel a timeshare contract within five days of signing without penalty or obligation.

14495358.1.14-19

ELECTRONICALLY FILED - 2026 Jul 29 4:09 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

68. S.C. Code § 27-32-50 requires that a seller honor, without fail or refusal, a purchaser's timely request to cancel within the statutory period.
69. S.C. Code § 27-32-60 prohibits a seller from charging or accepting payment until after expiration of the five-day cancellation period.
70. Capital Vacations violated § 27-32-60 by charging Plaintiff $7,734.09 and $159.95 on July 7, 2025, the day of signing, before the five-day cancellation period had expired and before Plaintiff had authorized the charges.
71. Plaintiff exercised his statutory right to cancel on July 8, 2025, one day after signing and well within the five-day period. He did so by informing Capital Vacations' representative of the cancellation and returning all contract materials as instructed.
72. Capital Vacations violated § 27-32-50 by refusing to honor Plaintiff's cancellation. Despite his clear cancellation and Capital Vacations' verbal confirmation, Capital Vacations continued to bill and collect on the cancelled account.
73. S.C. Code § 27-32-120(C) provides that a contract made in violation of the Act is voidable at the sole option of the purchaser and entitles the purchaser to a refund of all consideration paid.
74. Capital Vacations' violations were willful and intentional, not inadvertent. Capital Vacations charged before the cooling-off period ended and deliberately failed to honor Plaintiff's statutory cancellation right.
75. Plaintiff is entitled to recover all unauthorized charges, exemplary damages as permitted by law, attorney's fees, costs, and prejudgment interest.

14495358.1.15-19

ELECTRONICALLY FILED - 2026 Jul 29 4:09 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

**FOR A SIXTH CAUSE OF ACTION**

**SOUTH CAROLINA UNFAIR TRADE PRACTICES ACT**

**S.C. Code § 39-5-10 et seq.**

**(Against Barclays Bank Delaware, Capital Management Services, LP, and Capital Vacations Club, Inc.)**

76. Plaintiff re-alleges paragraphs 1 through 75 as if fully set forth herein.
77. The South Carolina Unfair Trade Practices Act declares unlawful unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce.
78. Capital Vacations engaged in unfair and deceptive acts or practices in trade or commerce by charging Plaintiff's Barclays credit card before expiration of the statutory cancellation period, by treating a conditional and unconsummated timeshare transaction as final, and by refusing to honor Plaintiff's timely cancellation while continuing to assess and seek payment of charges on a cancelled or unenforceable transaction.
79. Barclays engaged in unfair and deceptive acts or practices in trade or commerce by employing a perfunctory and one-sided dispute process that ignored evidence that the underlying transaction was disputed, cancelled, and legally defective, by reimposing and carrying balances arising from that transaction, and by using those charges as a basis for continued collection activity and derogatory credit reporting.
80. Capital Management Services engaged in unfair and deceptive acts or practices in trade or commerce by attempting to collect amounts arising from the same disputed and cancelled transaction after Plaintiff had already challenged the debt as unauthorized, invalid, and unenforceable.
81. The unfair and deceptive acts and practices of Barclays, Capital Management Services, and Capital Vacations affect the public interest because, upon information and belief, they were committed in the ordinary course of business, involve standardized consumer-

14495358.1.16-19

ELECTRONICALLY FILED - 2026 Jul 29 4:09 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

facing practices, and have the potential for repetition as to other South Carolina consumers.

82. As a direct and proximate result of these unfair and deceptive acts or practices, Plaintiff suffered ascertainable loss, including unauthorized charges, claimed past-due balances, charge-off damages, damage to credit reputation, time spent disputing the account, and other actual damages to be proven at trial.

83. The conduct of Barclays, Capital Management Services, and Capital Vacations was willful and knowing, entitling Plaintiff to recover actual damages, treble damages, attorney's fees, costs, and such other relief as provided by S.C. Code § 39-5-140.

**FOR A SEVENTH CAUSE OF ACTION**

**UNJUST ENRICHMENT**

**(Against Capital Vacations Club, Inc.)**

84. Plaintiff re-alleges paragraphs 1 through 83 as if fully set forth herein.

85. Capital Vacations received and retained charged amounts for which Plaintiff received no goods, services, or benefits. The contract was never fully executed, was cancelled by Plaintiff within his statutory right, and was never lawfully implemented or performed.

86. Capital Vacations has been unjustly enriched, and Plaintiff is entitled to recover the full amount wrongfully retained, together with interest and other appropriate relief.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following relief:

1. Actual damages in an amount to be determined at trial;
2. Statutory damages as allowed by the Fair Credit Billing Act, Fair Credit Reporting Act, and Fair Debt Collection Practices Act;
3. Exemplary, treble, and punitive damages as allowed by law;

14495358.1.17-19

ELECTRONICALLY FILED - 2026 Jul 29 4:09 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

4. Attorney's fees and costs;
5. An order requiring removal or correction of disputed charge-off and past-due information appearing on Plaintiff's credit reports to the extent authorized by law;
6. An order requiring cessation of unlawful collection efforts to the extent authorized by law;
7. Prejudgment and post-judgment interest; and
8. Such other and further relief as the Court deems just and proper.

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield

Dave Maxfield, Esq., SC Bar 7163
P.O. Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

July 21, 2026

14495358.1.18-19

ELECTRONICALLY FILED - 2026 Jul 29 4:05 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF HORRY<br><br>STEVEN PLUNKETT WOODWARD,<br><br>Plaintiff,<br>Vs.<br><br>BARCLAYS BANK DELAWARE; CAPITAL MANAGEMENT SERVICES GROUP, INC.; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC, EQUIFAX INFORMATION SERVICES, LLC, and CAPITAL VACATIONS CLUB, INC,<br>Defendant, | IN THE COURT OF COMMON PLEAS<br>FIFTEENTH JUDICIAL CIRCUIT<br><br>Case No. 2026-CP-26-05643<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned employee of Dave Maxfield, Attorney, LLC do hereby swear and affirm that on **July 21, 2026**, I served the foregoing **Summons & Complaint**, by sending a copy of same by United States First Class Mail, Certified Mail, Return Receipt Requested to the following:

Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808
*(on behalf of Barclays Bank Delaware)*

Corporation Service Company
100 Coastal Drive, Ste 210
Charleston, SC 29492
*(on behalf of Capital Management Services Group, Inc.)*

Registered Agents, Inc.
6650 Rivers Ave. Ste 100
Charleston, SC 29406
*(on behalf of Capital Vacations Club, Inc.)*

CT Corporation System
2 Office Park Court, Ste 103
Columbia, SC 29223
*(on behalf of Experian Information Services, LLC)*

14495358.1.19-19

ELECTRONICALLY FILED - 2026 Jul 29 4:05 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

The Prentice-Hall Corporation System, Inc.
100 Coastal Drive, Ste. 210
Charleston, SC 29492
(on behalf of Trans Union LLC)

Corporation Service Company
100 Coastal Drive, Ste 210
Charleston, SC 29492
(on behalf of Equifax Information Services, LLC)

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield
_______________________________

Dave Maxfield, Esq., SC Bar No. 7163
PO Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

DATED: July 21, 2026

ELECTRONICALLY FILED - 2026 Jul 29 4:05 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

## Certified Mail Tracking

Track another [ ] track it

**Tracking ID: 9214890142980490255288**

**Job: Woodward v. Capital Vacations SC (#14495358)**

**To: VIA CERTIFIED MAIL Registered Agents, Inc.**

### Tracking: 9214890142980490255288

**Events**

| When | What | Where |
|---|---|---|
| 2026-07-28 09:29 | Delivered, Left with Individual | CHARLESTON, SC 29406 |
| 2026-07-27 10:40 | Arrived at USPS Regional Destination Facility | CHARLESTON SC PROCESSING CENTER |
| 2026-07-26 00:00 | In Transit to Next Facility | |
| 2026-07-23 22:28 | Shipment Received, Package Acceptance Pending | PHOENIX, AZ 85026 |
| 2026-07-23 22:20 | Arrived at USPS Regional Origin Facility | PHOENIX AZ DISTRIBUTION CENTER |
| 2026-07-23 21:05 | Accepted at USPS | PHOENIX AZ DISTRIBUTION |

| When | What | Where |
|---|---|---|
| | Regional Origin Facility | CENTER |
| 2026-07-23 00:00 | Pre-Shipment, USPS Awaiting Item | |

The source of all Certified Mail tracking information comes from the USPS and is verifiable at USPS.com.

Print The Above

ELECTRONICALLY FILED - 2026 Jul 29 4:05 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

# Certificate of Electronic Notification

| Recipients |
|---|
| **David Maxfield** - Notification transmitted on 2026-07-29 16:05:47.893. |

ELECTRONICALLY FILED - 2026 Jul 29 4:33 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

ELECTRONICALLY FILED - 2026 Jul 29 4:33 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

***** IMPORTANT NOTICE - READ THIS INFORMATION *****

NOTICE OF ELECTRONIC FILING [NEF]

**A filing has been submitted to the court RE:** 2026CP2605643

| | |
|---|---|
| **Official File Stamp:** | 07-29-2026 04:05:22 PM |
| **Court:** | CIRCUIT COURT<br>Common Pleas<br>Horry |
| **Case Title:** | Steven Plunkett Woodward VS Barclays Bank Delaware , defendant, et al |
| **Document(s) Submitted:** | Service/Certificate Of Service Certified Mail<br>- Exhibit/Filing of Exhibits<br>- Exhibit/Filing of Exhibits |
| **Filed by or on behalf of:** | David Andrew Maxfield |

This notice was automatically generated by the court's auto-notification system.

**The following people were served electronically:**

David Andrew Maxfield for Steven Plunkett Woodward

**The following people have not been served electronically by the Court. Therefore, they must be served by traditional means:**

Capital Management Services Group Inc

**Address:** Capital Management Services Group Inc

Experian Information Solutions Inc

**Address:** Experian Information Solutions Inc

Trans Union LLC

**Address:** Trans Union LLC

Equifax Information Services LLC

**Address:** Equifax Information Services LLC

Capital Vacations Club Inc

**Address:** Capital Vacations Club Inc

Barclays Bank Delaware

**Address:** Barclays Bank Delaware

ELECTRONICALLY FILED - 2026 Jul 30 4:48 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF HORRY | IN THE COURT OF COMMON PLEAS<br>FIFTEENTH JUDICIAL CIRCUIT<br><br>Case No. 2026-CP-26-05643 |
| STEVEN PLUNKETT WOODWARD,<br><br>Plaintiff,<br>Vs.<br><br>BARCLAYS BANK DELAWARE; CAPITAL MANAGEMENT SERVICES GROUP, INC.; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; EQUIFAX INFORMATION SERVICES, LLC; and CAPITAL VACATIONS CLUB, INC.,<br><br>Defendant(s). | **<u>PROOF OF SERVICE</u>** |

I, the undersigned, have served **The Prentice-Hall Corporation System, Inc.** as registered agent for **Equifax Information Services, LLC** by U.S. First Class Mail, Certified Delivery, Return Receipt Requested on **July 30, 2026**, with a **<u>Summons & Complaint</u>** in the above-entitled action as shown by the attached receipt.

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield

David A. Maxfield, Esq., SC Bar No. 7163
P.O. Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

DATED: July 30, 2026

14495291.1.1-19

ELECTRONICALLY FILED - 2026 Jul 30 4:48 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

**USPS CERTIFIED MAIL**

**9214 8901 4298 0490 2549 39**

***CERTIFIED MAIL***

Dave Maxfield, Attorney, LLC
PO Box 11865
Columbia SC 29211

00144952910000011
VIA CERTIFIED MAIL
The Prentice-Hall Corporation System, Inc.
100 Coastal Drive, Ste. 210
Charleston SC 29492

14495291.1.2-19

ELECTRONICALLY FILED - 2026 Jul 30 4:48 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

davemaxfield
CONSUMER PROTECTION LAW

Dave Maxfield, Attorney, LLC
Phone: 803-509-6800
Fax: 855-299-1656
ConsumerLawSC.com

2191 Pickens Street
Suite 317
Columbia, SC 29201

*Member, National Association of Consumer Advocates*

July 22, 2026

**VIA CERTIFIED MAIL**
The Prentice-Hall Corporation System, Inc.
100 Coastal Drive, Ste. 210
Charleston, SC 29492

RE: Steven Plunkett Woodward v. Barclays Bank Delaware, Capital Management Services Group, Inc., Experian Information Solutions, Inc., Trans Union LLC, Equifax Information Services, LLC and Capital Vacations Club, Inc.
Case No. 2026-CP-26-05643

Dear Sir or Madam:

Enclosed herewith and served upon you on behalf of **Equifax Information Services, LLC** is a filed copy of a **Summons & Complaint** in the above matter.

Sincerely,

/s/ Kristy Woodward
Paralegal to Dave Maxfield

Enc.

14495291.1.3-19

ELECTRONICALLY FILED - 2026 Jul 30 4:29 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF HORRY | FIFTEENTH JUDICIAL CIRCUIT |
| STEVEN PLUNKETT WOODWARD, Plaintiff, | |
| -vs- | Case No. |
| BARCLAYS BANK DELAWARE; CAPITAL MANAGEMENT SERVICES GROUP, INC.; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; EQUIFAX INFORMATION SERVICES, LLC; and CAPITAL VACATIONS CLUB, INC., Defendants. | **SUMMONS** |

TO: THE DEFENDANT(S) ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is hereby served upon you and to serve a copy of your Answer to the said Complaint on the subscriber, David A. Maxfield, Esquire, at his office at PO Box 11865, Columbia, South Carolina 29211 within thirty (30) days after service hereof, exclusive of the date of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the court for the relief demanded in the Complaint. If you fail to appear and defend, judgment by default will be rendered against you for the relief demanded in the Complaint.

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield

Dave Maxfield, Esq., SC Bar No. 7163
PO Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

DATED: July 21, 2026

14495291.1.4-19

ELECTRONICALLY FILED - 2026 Jul 30 4:29 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

STATE OF SOUTH CAROLINA

COUNTY OF HORRY

IN THE COURT OF COMMON PLEAS

FIFTEENTH JUDICIAL CIRCUIT

STEVEN PLUNKETT WOODWARD,

Plaintiff,

v.

BARCLAYS BANK DELAWARE; CAPITAL MANAGEMENT SERVICES GROUP, INC.; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; EQUIFAX INFORMATION SERVICES, LLC; and CAPITAL VACATIONS CLUB, INC.,

Defendants.

**COMPLAINT**

(Jury Trial Requested)

Plaintiff Steven Plunkett Woodward brings this action for damages arising from unlawful billing practices, improper credit reporting, unauthorized charges, and violations of South Carolina's timeshare consumer protection statutes.

## I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over Plaintiff's claims arising under the Fair Credit Billing Act, 15 U.S.C. § 1666, the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., the South Carolina Vacation Time Sharing Plans Act, S.C. Code § 27-32-10 et seq., and the South Carolina Unfair Trade Practices Act, S.C. Code § 39-5-10 et seq.
2. Venue is proper in Horry County because the timeshare transaction was executed in Myrtle Beach, South Carolina, Defendant Capital Vacations maintains its principal place of business in Horry County, and material facts and transactions giving rise to these claims occurred in Horry County.

14495291.1.5-19

ELECTRONICALLY FILED - 2026 Jul 30 4:29 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

3. This Court has personal jurisdiction over all Defendants.

## II. PARTIES

4. Plaintiff Steven Plunkett Woodward is a resident of South Carolina.
5. Defendant Barclays Bank Delaware ("Barclays") is, and at all times relevant was, a national banking association and financial institution organized and existing under the laws of the State of Delaware, with its principal place of business and corporate headquarters located in Wilmington, Delaware. Barclays issued the Capital Vacations® World Mastercard account at issue in this action to Plaintiff and, in connection with that account, regularly furnishes information to consumer reporting agencies regarding consumers' credit obligations and payment histories.
6. Defendant Capital Management Services Group, Inc.("CMS") is, and at all times relevant was, a limited partnership organized under the laws of the State of New York, with its principal place of business and corporate headquarters located in Buffalo, New York. CMS is engaged in the business of collecting defaulted consumer debts on behalf of itself and/or others, and in that capacity sent collection notices and other collection communications to Plaintiff concerning the account at issue in this case.
7. Defendant Capital Vacations Club, Inc. ("Capital Vacations") is, and at all times relevant was, a corporation organized and existing under the laws of the State of Florida, with its principal place of business and corporate headquarters located in Myrtle Beach, Horry County, South Carolina. Capital Vacations develops, markets, and manages vacation ownership interests and timeshare programs, including the timeshare interest and related account at issue in this action.
8. Defendant Equifax Information Services, LLC ("Equifax") is a foreign limited liability company with its principal place of business, nerve center, and headquarters in the State

14495291.1.6-19

ELECTRONICALLY FILED - 2026 Jul 30 4:29 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

of Georgia. Equifax is a consumer reporting agency that maintains consumer credit files and reports consumer information.

9. Defendant Trans Union LLC ("Trans Union") is a foreign limited liability company with its principal place of business, nerve center, and headquarters in the State of Illinois. Trans Union is a consumer reporting agency that maintains consumer credit files and reports consumer information.

10. Defendant Experian Information Solutions, Inc. ("Experian") is a foreign corporation with its principal place of business, nerve center, and headquarters in the State of Texas. Experian is a consumer reporting agency that maintains consumer credit files and reports consumer information.

## III. FACTUAL ALLEGATIONS

### A. The Timeshare Transaction and Cancellation

11. On July 7, 2025, Plaintiff and his wife, Jayne, met with Capital Vacations in Myrtle Beach to discuss converting an existing timeshare to a points-based system. The timeshare is co-owned by Plaintiff, his wife, and their adult sons, Todd and Bradley, whose names appear on the original deed.

12. Plaintiff and his wife signed a Capital Vacations Club Capital Plus Purchase and Security Agreement, Contract No. 1277902. The contract was conditional and not binding unless and until all co-owners, including the adult sons, signed the agreement.

13. The adult sons refused to sign the agreement after reviewing it and advised against proceeding with the conversion.

14. Because all co-owners did not consent and did not sign, the contract was never fully executed and remained void and unenforceable.

15. Capital Vacations provided Plaintiff with a Capital Vacations® World Mastercard, a co-branded credit card issued by Barclays specifically designed for timeshare purchasers.

14495291.1.7-19

ELECTRONICALLY FILED - 2026 Jul 30 4:29 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

Plaintiff understood this card would be used only after the contract was complete and all parties had signed.

16. On July 7, 2025, the day of signing, Capital Vacations charged $7,734.09 to Plaintiff's Capital Vacations® World Mastercard without authorization or notice. The charge was characterized as a "down payment," but Plaintiff had not authorized any immediate charge.
17. Capital Vacations also charged $159.95 in "enrollment fees" to the same card on the same day.
18. The July 7 charges violated South Carolina timeshare law. S.C. Code § 27-32-60 prohibits any seller from charging or accepting payment until after the five-day cancellation period expires, and these charges were made on the day of signing, well within that period.
19. On July 8, 2025, the morning after signing, Plaintiff and his wife returned to Capital Vacations' office.
20. They informed Capital Vacations' representative that they wished to cancel the transaction because their sons refused to participate. The representative instructed them to return all contract materials to the front desk, which they immediately did.
21. The Capital Vacations representative verbally confirmed that the contract was "terminated" and that no further charges would be made to their credit card.
22. This verbal cancellation, made on July 8, 2025, was exercised within one day of signing and well within South Carolina's mandatory five-day cancellation period provided in S.C. Code § 27-32-40.
23. Despite this cancellation, Capital Vacations continued to bill Plaintiff's card for monthly dues of $243.54 and $243.63, facility fees, and other charges throughout the remainder of 2025 and into 2026.

14495291.1.8-19

ELECTRONICALLY FILED - 2026 Jul 30 4:29 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

24. As of July 2026, Plaintiff's account with Barclays remained open with a disputed balance. The account had been written off by Barclays with a $487 charge-off and $809 remaining past due.

**B. Barclays' Failure to Investigate**

25. Plaintiff discovered the unauthorized July 2025 charges when he received his August credit card statement and immediately disputed the charges with Barclays.
26. On October 3, 2025, Plaintiff submitted written billing dispute letters to Barclays covering the $7,734.09 charge, the $159.95 fee, and other disputed transactions.
27. Barclays initiated an investigation but conducted no reasonable inquiry. Instead, Barclays contacted Capital Vacations and asked simply whether the charges were valid, and Capital Vacations responded that it had no record of receiving a written cancellation letter.
28. Barclays accepted Capital Vacations' one-sided response without investigating the threshold facts, including whether the contract was ever fully executed, whether Plaintiff had exercised his statutory right to cancel, and whether charges on the day of signing violated South Carolina law.
29. Barclays reapplied disputed charges to Plaintiff's account. On December 24, 2025, Barclays denied a $243.54 dispute. On April 29, 2026, Barclays denied a $243.63 dispute, though Plaintiff did not receive that letter until July 7, 2026.
30. Throughout 2025 and into 2026, the account deteriorated from current status to 30, 60, 90, and finally 120-plus days past due. Barclays continued to assess late fees and interest.
31. In June 2026, Barclays formally charged off the account, writing off $487 as uncollectible and reporting $809 past due to consumer reporting agencies.

14495291.1.9-19

ELECTRONICALLY FILED - 2026 Jul 30 4:29 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

**C. Credit Reporting Violations**

32. On June 23, 2026, Trans Union completed its dispute reinvestigation and reported the account as "VERIFIED AS ACCURATE" based on Barclays' assertion, without conducting any independent investigation of Plaintiff's claims regarding contract invalidity or his statutory cancellation right.
33. Trans Union's reinvestigation result noted that the account was "120 Days Past Due Date" and was "Closed by credit grantor" as of March 6, 2026, yet Trans Union accepted Barclays' verification of accuracy without addressing the contradiction that an account under active consumer dispute had been reported as delinquent.
34. On July 15, 2026, Plaintiff obtained his Experian credit report showing the account as "Account charged off. $487 written off. $809 past due as of Jul 2026."
35. Despite Plaintiff's documented, ongoing written disputes with Barclays since October 2025, Trans Union and Experian failed to properly note on his credit reports that the underlying charges remained disputed and instead reported that Barclays had verified the accuracy of the charges without independent examination.

**D. Collection Activity**

36. On March 13, 2026, Capital Management Services sent Plaintiff a collection notice demanding payment of $657.89 allegedly owed to Barclays Bank Delaware on the Capital Vacations account.
37. This collection notice was sent despite Plaintiff's clearly documented, ongoing written dispute of the charges with Barclays since October 2025.

14495291.1.10-19

ELECTRONICALLY FILED - 2026 Jul 30 4:49 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

**FOR A FIRST CAUSE OF ACTION**

**FAIR CREDIT BILLING ACT § 1666**

**(Against Barclays Bank Delaware)**

38. Plaintiff re-alleges paragraphs 1 through 37 as if fully set forth herein.
39. Under 15 U.S.C. § 1666(a), when a consumer submits a timely written billing dispute, the creditor must conduct a reasonable investigation within two billing cycles and respond to the consumer.
40. Plaintiff timely disputed the charges and provided clear facts, including that the contract was conditional and not binding without all co-owners' signatures, that the co-owners refused to sign, that Plaintiff cancelled on July 8, 2025 within one day and within the five-day statutory window, that he returned all materials as instructed, and that Capital Vacations verbally confirmed the cancellation.
41. Barclays conducted no reasonable investigation. Barclays did not examine whether the contract was fully executed, did not investigate Plaintiff's statutory right to cancel, did not request documentation from Plaintiff, did not examine the timeline showing charges on the day of signing before the five-day cancellation period had expired, and did not probe Capital Vacations' claim that it had no record of a cancellation letter.
42. Barclays' investigation was purely mechanical: it asked the merchant, accepted the merchant's answer, and denied the dispute. This fell below the statutory standard of reasonableness.
43. Barclays' failure to investigate caused wrongful denial of Plaintiff's disputes, continued assessment of charges and interest, reapplication of disputed amounts, and continued reporting of the disputed amounts as valid debt to consumer reporting agencies.
44. Barclays' conduct was willful or reckless. The facts presented obvious issues that any reasonable investigation would have identified.

14495291.1.11-19

ELECTRONICALLY FILED - 2026 Jul 30 4:29 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

45. Plaintiff is entitled to recover actual damages, statutory damages as allowed by law, attorney's fees, costs, and prejudgment interest.

**FOR A SECOND CAUSE OF ACTION**

**FAIR CREDIT REPORTING ACT § 1681s-2(b)**

**Furnisher's Failure to Investigate Disputes**

**(Against Barclays Bank Delaware)**

46. Plaintiff re-alleges paragraphs 1 through 45 as if fully set forth herein.
47. Under 15 U.S.C. § 1681s-2(b), when a consumer reporting agency notifies a furnisher of a consumer's dispute, the furnisher must conduct a reasonable investigation, review all relevant information, and report accurate results back to the agency.
48. Barclays received disputes from Experian, Trans Union, and Equifax regarding Plaintiff's challenged charges and failed to conduct any reasonable investigation. Instead, Barclays summarily certified to the agencies that the information was verified as accurate.
49. Barclays did not examine whether the contract was binding without co-owner signatures, did not investigate whether Plaintiff had validly cancelled within the statutory period, and accepted its own one-sided account position without meaningful review.
50. Barclays' certification was inaccurate and was not the product of a reasonable investigation. This willful failure caused consumer reporting agencies to continue reporting incorrect and disputed information as if verified.
51. Plaintiff is entitled to recover actual damages, statutory damages as allowed by law, punitive damages where authorized, attorney's fees, costs, and prejudgment interest.

14495291.1.12-19

ELECTRONICALLY FILED - 2026 Jul 30 4:29 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

**FOR A THIRD CAUSE OF ACTION**

**FAIR CREDIT REPORTING ACT § 1681i**

**Negligent Reinvestigation of Disputed Information**

**(Against Experian Information Solutions, Inc., Trans Union LLC, and Equifax Information Services, LLC)**

52. Plaintiff re-alleges paragraphs 1 through 51 as if fully set forth herein.

53. Under 15 U.S.C. § 1681i(a), when a consumer disputes information in his credit file, a consumer reporting agency must conduct a reasonable reinvestigation.

54. Plaintiff submitted disputes to Experian, Trans Union, and Equifax challenging the accuracy and validity of the reported account charges and delinquency status.

55. Each of these Defendants conducted a pro forma reinvestigation by forwarding Plaintiff's dispute to Barclays and accepting Barclays' response that the information was verified as accurate without any independent evaluation.

56. This was not a reasonable reinvestigation. The agencies made no independent attempt to verify whether the original contract was binding without all co-owners' signatures, whether Plaintiff had a statutory right to cancel, or whether his timely cancellation was valid. Each agency relied entirely on Barclays' perfunctory assertion.

57. A reasonable reinvestigation would have required obtaining competent support for Barclays' verification, noting on Plaintiff's credit report that the account remained disputed, or determining that Barclays' response was insufficient.

58. As a direct and proximate result, these Defendants continued reporting Plaintiff's account as charged off and past due despite the underlying charges being disputed and likely uncollectible.

59. Plaintiff is entitled to recover actual damages, statutory damages as allowed by law, attorney's fees, costs, and prejudgment interest.

14495291.1.13-19

ELECTRONICALLY FILED - 2026 Jul 30 4:29 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

**FOR A FOURTH CAUSE OF ACTION**

**FAIR DEBT COLLECTION PRACTICES ACT § 1692g**

**Collection of Disputed Debt**

**(Against Capital Management Services, LP)**

60. Plaintiff re-alleges paragraphs 1 through 59 as if fully set forth herein.
61. Under 15 U.S.C. § 1692g(b), if a consumer disputes a debt in writing within 30 days of a collection notice, the debt collector must cease collection efforts until it provides verification of the debt.
62. On March 13, 2026, Capital Management Services sent Plaintiff a collection notice for $657.89 regarding the Capital Vacations account.
63. The underlying charges had been disputed in writing with Barclays since October 2025, and the debt being collected arose from a transaction Plaintiff had contested as unauthorized, cancelled, and unenforceable.
64. To the extent Capital Management Services continued collection activity after receiving proper notice of Plaintiff's dispute and without providing legally sufficient verification, it violated 15 U.S.C. § 1692g(b).
65. Plaintiff is entitled to recover actual damages, statutory damages as allowed by law, attorney's fees, and costs.

**FOR A FIFTH CAUSE OF ACTION**

**SOUTH CAROLINA VACATION TIME SHARING PLANS ACT**

**Violations of §§ 27-32-40, 27-32-50, and 27-32-60**

**(Against Capital Vacations Club, Inc.)**

66. Plaintiff re-alleges paragraphs 1 through 65 as if fully set forth herein.
67. S.C. Code § 27-32-40 provides an absolute, unwaivable right for a purchaser to cancel a timeshare contract within five days of signing without penalty or obligation.

14495291.1.14-19

ELECTRONICALLY FILED - 2026 Jul 30 4:29 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

68. S.C. Code § 27-32-50 requires that a seller honor, without fail or refusal, a purchaser's timely request to cancel within the statutory period.
69. S.C. Code § 27-32-60 prohibits a seller from charging or accepting payment until after expiration of the five-day cancellation period.
70. Capital Vacations violated § 27-32-60 by charging Plaintiff $7,734.09 and $159.95 on July 7, 2025, the day of signing, before the five-day cancellation period had expired and before Plaintiff had authorized the charges.
71. Plaintiff exercised his statutory right to cancel on July 8, 2025, one day after signing and well within the five-day period. He did so by informing Capital Vacations' representative of the cancellation and returning all contract materials as instructed.
72. Capital Vacations violated § 27-32-50 by refusing to honor Plaintiff's cancellation. Despite his clear cancellation and Capital Vacations' verbal confirmation, Capital Vacations continued to bill and collect on the cancelled account.
73. S.C. Code § 27-32-120(C) provides that a contract made in violation of the Act is voidable at the sole option of the purchaser and entitles the purchaser to a refund of all consideration paid.
74. Capital Vacations' violations were willful and intentional, not inadvertent. Capital Vacations charged before the cooling-off period ended and deliberately failed to honor Plaintiff's statutory cancellation right.
75. Plaintiff is entitled to recover all unauthorized charges, exemplary damages as permitted by law, attorney's fees, costs, and prejudgment interest.

14495291.1.15-19

ELECTRONICALLY FILED - 2026 Jul 30 4:29 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

**FOR A SIXTH CAUSE OF ACTION**

**SOUTH CAROLINA UNFAIR TRADE PRACTICES ACT**

**S.C. Code § 39-5-10 et seq.**

**(Against Barclays Bank Delaware, Capital Management Services, LP, and Capital Vacations Club, Inc.)**

76. Plaintiff re-alleges paragraphs 1 through 75 as if fully set forth herein.
77. The South Carolina Unfair Trade Practices Act declares unlawful unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce.
78. Capital Vacations engaged in unfair and deceptive acts or practices in trade or commerce by charging Plaintiff's Barclays credit card before expiration of the statutory cancellation period, by treating a conditional and unconsummated timeshare transaction as final, and by refusing to honor Plaintiff's timely cancellation while continuing to assess and seek payment of charges on a cancelled or unenforceable transaction.
79. Barclays engaged in unfair and deceptive acts or practices in trade or commerce by employing a perfunctory and one-sided dispute process that ignored evidence that the underlying transaction was disputed, cancelled, and legally defective, by reimposing and carrying balances arising from that transaction, and by using those charges as a basis for continued collection activity and derogatory credit reporting.
80. Capital Management Services engaged in unfair and deceptive acts or practices in trade or commerce by attempting to collect amounts arising from the same disputed and cancelled transaction after Plaintiff had already challenged the debt as unauthorized, invalid, and unenforceable.
81. The unfair and deceptive acts and practices of Barclays, Capital Management Services, and Capital Vacations affect the public interest because, upon information and belief, they were committed in the ordinary course of business, involve standardized consumer-

14495291.1.16-19

ELECTRONICALLY FILED - 2026 Jul 30 4:29 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

facing practices, and have the potential for repetition as to other South Carolina consumers.

82. As a direct and proximate result of these unfair and deceptive acts or practices, Plaintiff suffered ascertainable loss, including unauthorized charges, claimed past-due balances, charge-off damages, damage to credit reputation, time spent disputing the account, and other actual damages to be proven at trial.

83. The conduct of Barclays, Capital Management Services, and Capital Vacations was willful and knowing, entitling Plaintiff to recover actual damages, treble damages, attorney's fees, costs, and such other relief as provided by S.C. Code § 39-5-140.

**FOR A SEVENTH CAUSE OF ACTION**

**UNJUST ENRICHMENT**

**(Against Capital Vacations Club, Inc.)**

84. Plaintiff re-alleges paragraphs 1 through 83 as if fully set forth herein.

85. Capital Vacations received and retained charged amounts for which Plaintiff received no goods, services, or benefits. The contract was never fully executed, was cancelled by Plaintiff within his statutory right, and was never lawfully implemented or performed.

86. Capital Vacations has been unjustly enriched, and Plaintiff is entitled to recover the full amount wrongfully retained, together with interest and other appropriate relief.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following relief:

1. Actual damages in an amount to be determined at trial;
2. Statutory damages as allowed by the Fair Credit Billing Act, Fair Credit Reporting Act, and Fair Debt Collection Practices Act;
3. Exemplary, treble, and punitive damages as allowed by law;

14495291.1.17-19

ELECTRONICALLY FILED - 2026 Jul 30 4:29 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

4. Attorney's fees and costs;
5. An order requiring removal or correction of disputed charge-off and past-due information appearing on Plaintiff's credit reports to the extent authorized by law;
6. An order requiring cessation of unlawful collection efforts to the extent authorized by law;
7. Prejudgment and post-judgment interest; and
8. Such other and further relief as the Court deems just and proper.

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield

Dave Maxfield, Esq., SC Bar 7163
P.O. Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

July 21, 2026

14495291.1.18-19

ELECTRONICALLY FILED - 2026 Jul 30 4:48 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF HORRY<br><br>STEVEN PLUNKETT WOODWARD,<br><br>Plaintiff,<br>Vs.<br><br>BARCLAYS BANK DELAWARE; CAPITAL MANAGEMENT SERVICES GROUP, INC.; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC, EQUIFAX INFORMATION SERVICES, LLC, and CAPITAL VACATIONS CLUB, INC,<br>Defendant, | IN THE COURT OF COMMON PLEAS<br>FIFTEENTH JUDICIAL CIRCUIT<br><br>Case No. 2026-CP-26-05643<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned employee of Dave Maxfield, Attorney, LLC do hereby swear and affirm that on **July 21, 2026**, I served the foregoing **Summons & Complaint**, by sending a copy of same by United States First Class Mail, Certified Mail, Return Receipt Requested to the following:

Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808
*(on behalf of Barclays Bank Delaware)*

Corporation Service Company
100 Coastal Drive, Ste 210
Charleston, SC 29492
*(on behalf of Capital Management Services Group, Inc.)*

Registered Agents, Inc.
6650 Rivers Ave. Ste 100
Charleston, SC 29406
*(on behalf of Capital Vacations Club, Inc.)*

CT Corporation System
2 Office Park Court, Ste 103
Columbia, SC 29223
*(on behalf of Experian Information Services, LLC)*

14495291.1.19-19

ELECTRONICALLY FILED - 2026 Jul 30 4:48 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

The Prentice-Hall Corporation System, Inc.
100 Coastal Drive, Ste. 210
Charleston, SC 29492
(on behalf of Trans Union LLC)

Corporation Service Company
100 Coastal Drive, Ste 210
Charleston, SC 29492
(on behalf of Equifax Information Services, LLC)

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield
________________________________

Dave Maxfield, Esq., SC Bar No. 7163
PO Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

DATED: July 21, 2026

ELECTRONICALLY FILED - 2026 Jul 30 4:48 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

## Certified Mail Tracking

Track another [ ] track it

**Tracking ID: 9214890142980490254939**

**Job: Woodward v. Equifax SC (#14495291)**

**To: VIA CERTIFIED MAIL The Prentice-Hall Corporation System, Inc.**

## Tracking: 9214890142980490254939

**Events**

| When | What | Where |
|---|---|---|
| 2026-07-30 10:24 | Delivered, Left with Individual | CHARLESTON, SC 29492 |
| 2026-07-30 08:29 | Arrived at Post Office | CHARLESTON, SC 29406 |
| 2026-07-30 06:10 | Out for Delivery | CHARLESTON, SC 29492 |
| 2026-07-27 20:04 | Arrived at USPS Regional Destination Facility | CHARLESTON SC PROCESSING CENTER |
| 2026-07-26 00:00 | In Transit to Next Facility | |
| 2026-07-23 22:28 | Shipment Received, Package Acceptance Pending | PHOENIX, AZ 85026 |

| When | What | Where |
| --- | --- | --- |
| 2026-07-23 22:20 | Arrived at USPS Regional Origin Facility | PHOENIX AZ DISTRIBUTION CENTER |
| 2026-07-23 21:05 | Accepted at USPS Regional Origin Facility | PHOENIX AZ DISTRIBUTION CENTER |
| 2026-07-23 00:00 | Pre-Shipment, USPS Awaiting Item | |

The source of all Certified Mail tracking information comes from the USPS and is verifiable at USPS.com.

Print The Above

ELECTRONICALLY FILED - 2026 Jul 30 4:48 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

ELECTRONICALLY FILED - 2026 Jul 30 4:56 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

# Certificate of Electronic Notification

| Recipients |
| --- |
| **David Maxfield** - Notification transmitted on 2026-07-30 16:48:35.93. |

ELECTRONICALLY FILED - 2026 Jul 30 4:56 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

***** IMPORTANT NOTICE - READ THIS INFORMATION *****

NOTICE OF ELECTRONIC FILING [NEF]

**A filing has been submitted to the court RE:** 2026CP2605643

| | |
|---|---|
| **Official File Stamp:** | 07-30-2026 04:48:14 PM |
| **Court:** | CIRCUIT COURT<br>Common Pleas<br>Horry |
| **Case Title:** | Steven Plunkett Woodward VS Barclays Bank Delaware , defendant, et al |
| **Document(s) Submitted:** | Service/Certificate Of Service Certified Mail<br>- Exhibit/Filing of Exhibits<br>- Exhibit/Filing of Exhibits |
| **Filed by or on behalf of:** | David Andrew Maxfield |

This notice was automatically generated by the court's auto-notification system.

**The following people were served electronically:**

David Andrew Maxfield for Steven Plunkett Woodward

**The following people have not been served electronically by the Court. Therefore, they must be served by traditional means:**

Capital Management Services Group Inc
Experian Information Solutions Inc
Trans Union LLC
Equifax Information Services LLC
Capital Vacations Club Inc
Barclays Bank Delaware

ELECTRONICALLY FILED - 2026 Jul 30 4:59 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF HORRY | IN THE COURT OF COMMON PLEAS<br>FIFTEENTH JUDICIAL CIRCUIT<br><br>Case No. 2026-CP-26-05643 |
| STEVEN PLUNKETT WOODWARD,<br><br>Plaintiff,<br>Vs.<br><br>BARCLAYS BANK DELAWARE; CAPITAL MANAGEMENT SERVICES GROUP, INC.; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; EQUIFAX INFORMATION SERVICES, LLC; and CAPITAL VACATIONS CLUB, INC.,<br><br>Defendant(s). | **PROOF OF SERVICE** |

I, the undersigned, have served **The Prentice-Hall Corporation System, Inc.** as registered agent for **Trans Union LLC** by U.S. First Class Mail, Certified Delivery, Return Receipt Requested on **July 30, 2026**, with a **Summons & Complaint** in the above-entitled action as shown by the attached receipt.

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield

David A. Maxfield, Esq., SC Bar No. 7163
P.O. Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

DATED: July 30, 2026

ELECTRONICALLY FILED - 2026 Jul 30 4:59 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

14495319.1.1-19

**USPS CERTIFIED MAIL**

**9214 8901 4298 0490 2550 11**

***CERTIFIED MAIL***

Dave Maxfield, Attorney, LLC
PO Box 11865
Columbia SC 29211

00144953190000011
VIA CERTIFIED MAIL
The Prentice-Hall Corporation System, Inc.
100 Coastal Drive, Ste. 210
Charleston SC 29492

14495319.1.2-19

davemaxfield
CONSUMER PROTECTION LAW

Dave Maxfield, Attorney, LLC
Phone: 803-509-6800
Fax: 855-299-1656
ConsumerLawSC.com

2191 Pickens Street
Suite 317
Columbia, SC 29201

*Member, National Association of Consumer Advocates*

ELECTRONICALLY FILED - 2026 Jul 30 4:59 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

July 22, 2026

**VIA CERTIFIED MAIL**
The Prentice-Hall Corporation System, Inc.
100 Coastal Drive, Ste. 210
Charleston, SC 29492

RE: Steven Plunkett Woodward v. Barclays Bank Delaware, Capital Management Services Group, Inc., Experian Information Solutions, Inc., Trans Union LLC, Equifax Information Services, LLC and Capital Vacations Club, Inc.
Case No. 2026-CP-26-05643

Dear Sir or Madam:

Enclosed herewith and served upon you on behalf of **Trans Union LLC** is a filed copy of a **Summons & Complaint** in the above matter.

Sincerely,

/s/ Kristy Woodward
Paralegal to Dave Maxfield

Enc.

14495319.1.3-19

ELECTRONICALLY FILED - 2026 Jul 30 4:39 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF HORRY | FIFTEENTH JUDICIAL CIRCUIT |
| STEVEN PLUNKETT WOODWARD,<br>Plaintiff,<br>-vs-<br>BARCLAYS BANK DELAWARE; CAPITAL MANAGEMENT SERVICES GROUP, INC.; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; EQUIFAX INFORMATION SERVICES, LLC; and CAPITAL VACATIONS CLUB, INC.,<br>Defendants. | Case No.<br>**SUMMONS** |

TO: THE DEFENDANT(S) ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is hereby served upon you and to serve a copy of your Answer to the said Complaint on the subscriber, David A. Maxfield, Esquire, at his office at PO Box 11865, Columbia, South Carolina 29211 within thirty (30) days after service hereof, exclusive of the date of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the court for the relief demanded in the Complaint. If you fail to appear and defend, judgment by default will be rendered against you for the relief demanded in the Complaint.

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield

Dave Maxfield, Esq., SC Bar No. 7163
PO Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

DATED: July 21, 2026

14495319.1.4-19

ELECTRONICALLY FILED - 2026 Jul 30 4:39 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF HORRY | FIFTEENTH JUDICIAL CIRCUIT |
| STEVEN PLUNKETT WOODWARD,<br><br>Plaintiff,<br><br>v.<br><br>BARCLAYS BANK DELAWARE; CAPITAL MANAGEMENT SERVICES GROUP, INC.; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; EQUIFAX INFORMATION SERVICES, LLC; and CAPITAL VACATIONS CLUB, INC.,<br><br>Defendants. | **COMPLAINT**<br><br>(Jury Trial Requested) |

Plaintiff Steven Plunkett Woodward brings this action for damages arising from unlawful billing practices, improper credit reporting, unauthorized charges, and violations of South Carolina's timeshare consumer protection statutes.

## I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over Plaintiff's claims arising under the Fair Credit Billing Act, 15 U.S.C. § 1666, the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., the South Carolina Vacation Time Sharing Plans Act, S.C. Code § 27-32-10 et seq., and the South Carolina Unfair Trade Practices Act, S.C. Code § 39-5-10 et seq.
2. Venue is proper in Horry County because the timeshare transaction was executed in Myrtle Beach, South Carolina, Defendant Capital Vacations maintains its principal place of business in Horry County, and material facts and transactions giving rise to these claims occurred in Horry County.

14495319.1.5-19

ELECTRONICALLY FILED - 2026 Jul 30 4:39 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

3. This Court has personal jurisdiction over all Defendants.

## II. PARTIES

4. Plaintiff Steven Plunkett Woodward is a resident of South Carolina.
5. Defendant Barclays Bank Delaware ("Barclays") is, and at all times relevant was, a national banking association and financial institution organized and existing under the laws of the State of Delaware, with its principal place of business and corporate headquarters located in Wilmington, Delaware. Barclays issued the Capital Vacations® World Mastercard account at issue in this action to Plaintiff and, in connection with that account, regularly furnishes information to consumer reporting agencies regarding consumers' credit obligations and payment histories.
6. Defendant Capital Management Services Group, Inc.("CMS") is, and at all times relevant was, a limited partnership organized under the laws of the State of New York, with its principal place of business and corporate headquarters located in Buffalo, New York. CMS is engaged in the business of collecting defaulted consumer debts on behalf of itself and/or others, and in that capacity sent collection notices and other collection communications to Plaintiff concerning the account at issue in this case.
7. Defendant Capital Vacations Club, Inc. ("Capital Vacations") is, and at all times relevant was, a corporation organized and existing under the laws of the State of Florida, with its principal place of business and corporate headquarters located in Myrtle Beach, Horry County, South Carolina. Capital Vacations develops, markets, and manages vacation ownership interests and timeshare programs, including the timeshare interest and related account at issue in this action.
8. Defendant Equifax Information Services, LLC ("Equifax") is a foreign limited liability company with its principal place of business, nerve center, and headquarters in the State

14495319.1.6-19

ELECTRONICALLY FILED - 2026 Jul 30 4:39 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

of Georgia. Equifax is a consumer reporting agency that maintains consumer credit files and reports consumer information.

9. Defendant Trans Union LLC ("Trans Union") is a foreign limited liability company with its principal place of business, nerve center, and headquarters in the State of Illinois. Trans Union is a consumer reporting agency that maintains consumer credit files and reports consumer information.

10. Defendant Experian Information Solutions, Inc. ("Experian") is a foreign corporation with its principal place of business, nerve center, and headquarters in the State of Texas. Experian is a consumer reporting agency that maintains consumer credit files and reports consumer information.

## III. FACTUAL ALLEGATIONS

### A. The Timeshare Transaction and Cancellation

11. On July 7, 2025, Plaintiff and his wife, Jayne, met with Capital Vacations in Myrtle Beach to discuss converting an existing timeshare to a points-based system. The timeshare is co-owned by Plaintiff, his wife, and their adult sons, Todd and Bradley, whose names appear on the original deed.

12. Plaintiff and his wife signed a Capital Vacations Club Capital Plus Purchase and Security Agreement, Contract No. 1277902. The contract was conditional and not binding unless and until all co-owners, including the adult sons, signed the agreement.

13. The adult sons refused to sign the agreement after reviewing it and advised against proceeding with the conversion.

14. Because all co-owners did not consent and did not sign, the contract was never fully executed and remained void and unenforceable.

15. Capital Vacations provided Plaintiff with a Capital Vacations® World Mastercard, a co-branded credit card issued by Barclays specifically designed for timeshare purchasers.

14495319.1.7-19

ELECTRONICALLY FILED - 2026 Jul 30 4:39 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

Plaintiff understood this card would be used only after the contract was complete and all parties had signed.

16. On July 7, 2025, the day of signing, Capital Vacations charged $7,734.09 to Plaintiff's Capital Vacations® World Mastercard without authorization or notice. The charge was characterized as a "down payment," but Plaintiff had not authorized any immediate charge.

17. Capital Vacations also charged $159.95 in "enrollment fees" to the same card on the same day.

18. The July 7 charges violated South Carolina timeshare law. S.C. Code § 27-32-60 prohibits any seller from charging or accepting payment until after the five-day cancellation period expires, and these charges were made on the day of signing, well within that period.

19. On July 8, 2025, the morning after signing, Plaintiff and his wife returned to Capital Vacations' office.

20. They informed Capital Vacations' representative that they wished to cancel the transaction because their sons refused to participate. The representative instructed them to return all contract materials to the front desk, which they immediately did.

21. The Capital Vacations representative verbally confirmed that the contract was "terminated" and that no further charges would be made to their credit card.

22. This verbal cancellation, made on July 8, 2025, was exercised within one day of signing and well within South Carolina's mandatory five-day cancellation period provided in S.C. Code § 27-32-40.

23. Despite this cancellation, Capital Vacations continued to bill Plaintiff's card for monthly dues of $243.54 and $243.63, facility fees, and other charges throughout the remainder of 2025 and into 2026.

14495319.1.8-19

ELECTRONICALLY FILED - 2026 Jul 30 4:39 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

24. As of July 2026, Plaintiff's account with Barclays remained open with a disputed balance. The account had been written off by Barclays with a $487 charge-off and $809 remaining past due.

**B. Barclays' Failure to Investigate**

25. Plaintiff discovered the unauthorized July 2025 charges when he received his August credit card statement and immediately disputed the charges with Barclays.
26. On October 3, 2025, Plaintiff submitted written billing dispute letters to Barclays covering the $7,734.09 charge, the $159.95 fee, and other disputed transactions.
27. Barclays initiated an investigation but conducted no reasonable inquiry. Instead, Barclays contacted Capital Vacations and asked simply whether the charges were valid, and Capital Vacations responded that it had no record of receiving a written cancellation letter.
28. Barclays accepted Capital Vacations' one-sided response without investigating the threshold facts, including whether the contract was ever fully executed, whether Plaintiff had exercised his statutory right to cancel, and whether charges on the day of signing violated South Carolina law.
29. Barclays reapplied disputed charges to Plaintiff's account. On December 24, 2025, Barclays denied a $243.54 dispute. On April 29, 2026, Barclays denied a $243.63 dispute, though Plaintiff did not receive that letter until July 7, 2026.
30. Throughout 2025 and into 2026, the account deteriorated from current status to 30, 60, 90, and finally 120-plus days past due. Barclays continued to assess late fees and interest.
31. In June 2026, Barclays formally charged off the account, writing off $487 as uncollectible and reporting $809 past due to consumer reporting agencies.

14495319.1.9-19

ELECTRONICALLY FILED - 2026 Jul 30 4:39 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

**C. Credit Reporting Violations**

32. On June 23, 2026, Trans Union completed its dispute reinvestigation and reported the account as "VERIFIED AS ACCURATE" based on Barclays' assertion, without conducting any independent investigation of Plaintiff's claims regarding contract invalidity or his statutory cancellation right.
33. Trans Union's reinvestigation result noted that the account was "120 Days Past Due Date" and was "Closed by credit grantor" as of March 6, 2026, yet Trans Union accepted Barclays' verification of accuracy without addressing the contradiction that an account under active consumer dispute had been reported as delinquent.
34. On July 15, 2026, Plaintiff obtained his Experian credit report showing the account as "Account charged off. $487 written off. $809 past due as of Jul 2026."
35. Despite Plaintiff's documented, ongoing written disputes with Barclays since October 2025, Trans Union and Experian failed to properly note on his credit reports that the underlying charges remained disputed and instead reported that Barclays had verified the accuracy of the charges without independent examination.

**D. Collection Activity**

36. On March 13, 2026, Capital Management Services sent Plaintiff a collection notice demanding payment of $657.89 allegedly owed to Barclays Bank Delaware on the Capital Vacations account.
37. This collection notice was sent despite Plaintiff's clearly documented, ongoing written dispute of the charges with Barclays since October 2025.

14495319.1.10-19

ELECTRONICALLY FILED - 2026 Jul 30 4:39 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

**FOR A FIRST CAUSE OF ACTION**

**FAIR CREDIT BILLING ACT § 1666**

**(Against Barclays Bank Delaware)**

38. Plaintiff re-alleges paragraphs 1 through 37 as if fully set forth herein.
39. Under 15 U.S.C. § 1666(a), when a consumer submits a timely written billing dispute, the creditor must conduct a reasonable investigation within two billing cycles and respond to the consumer.
40. Plaintiff timely disputed the charges and provided clear facts, including that the contract was conditional and not binding without all co-owners' signatures, that the co-owners refused to sign, that Plaintiff cancelled on July 8, 2025 within one day and within the five-day statutory window, that he returned all materials as instructed, and that Capital Vacations verbally confirmed the cancellation.
41. Barclays conducted no reasonable investigation. Barclays did not examine whether the contract was fully executed, did not investigate Plaintiff's statutory right to cancel, did not request documentation from Plaintiff, did not examine the timeline showing charges on the day of signing before the five-day cancellation period had expired, and did not probe Capital Vacations' claim that it had no record of a cancellation letter.
42. Barclays' investigation was purely mechanical: it asked the merchant, accepted the merchant's answer, and denied the dispute. This fell below the statutory standard of reasonableness.
43. Barclays' failure to investigate caused wrongful denial of Plaintiff's disputes, continued assessment of charges and interest, reapplication of disputed amounts, and continued reporting of the disputed amounts as valid debt to consumer reporting agencies.
44. Barclays' conduct was willful or reckless. The facts presented obvious issues that any reasonable investigation would have identified.

14495319.1.11-19

ELECTRONICALLY FILED - 2026 Jul 30 4:39 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

45. Plaintiff is entitled to recover actual damages, statutory damages as allowed by law, attorney's fees, costs, and prejudgment interest.

**FOR A SECOND CAUSE OF ACTION**

**FAIR CREDIT REPORTING ACT § 1681s-2(b)**

**Furnisher's Failure to Investigate Disputes**

**(Against Barclays Bank Delaware)**

46. Plaintiff re-alleges paragraphs 1 through 45 as if fully set forth herein.
47. Under 15 U.S.C. § 1681s-2(b), when a consumer reporting agency notifies a furnisher of a consumer's dispute, the furnisher must conduct a reasonable investigation, review all relevant information, and report accurate results back to the agency.
48. Barclays received disputes from Experian, Trans Union, and Equifax regarding Plaintiff's challenged charges and failed to conduct any reasonable investigation. Instead, Barclays summarily certified to the agencies that the information was verified as accurate.
49. Barclays did not examine whether the contract was binding without co-owner signatures, did not investigate whether Plaintiff had validly cancelled within the statutory period, and accepted its own one-sided account position without meaningful review.
50. Barclays' certification was inaccurate and was not the product of a reasonable investigation. This willful failure caused consumer reporting agencies to continue reporting incorrect and disputed information as if verified.
51. Plaintiff is entitled to recover actual damages, statutory damages as allowed by law, punitive damages where authorized, attorney's fees, costs, and prejudgment interest.

14495319.1.12-19

ELECTRONICALLY FILED - 2026 Jul 30 4:39 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

**FOR A THIRD CAUSE OF ACTION**

**FAIR CREDIT REPORTING ACT § 1681i**

**Negligent Reinvestigation of Disputed Information**

**(Against Experian Information Solutions, Inc., Trans Union LLC, and Equifax Information Services, LLC)**

52. Plaintiff re-alleges paragraphs 1 through 51 as if fully set forth herein.
53. Under 15 U.S.C. § 1681i(a), when a consumer disputes information in his credit file, a consumer reporting agency must conduct a reasonable reinvestigation.
54. Plaintiff submitted disputes to Experian, Trans Union, and Equifax challenging the accuracy and validity of the reported account charges and delinquency status.
55. Each of these Defendants conducted a pro forma reinvestigation by forwarding Plaintiff's dispute to Barclays and accepting Barclays' response that the information was verified as accurate without any independent evaluation.
56. This was not a reasonable reinvestigation. The agencies made no independent attempt to verify whether the original contract was binding without all co-owners' signatures, whether Plaintiff had a statutory right to cancel, or whether his timely cancellation was valid. Each agency relied entirely on Barclays' perfunctory assertion.
57. A reasonable reinvestigation would have required obtaining competent support for Barclays' verification, noting on Plaintiff's credit report that the account remained disputed, or determining that Barclays' response was insufficient.
58. As a direct and proximate result, these Defendants continued reporting Plaintiff's account as charged off and past due despite the underlying charges being disputed and likely uncollectible.
59. Plaintiff is entitled to recover actual damages, statutory damages as allowed by law, attorney's fees, costs, and prejudgment interest.

14495319.1.13-19

ELECTRONICALLY FILED - 2026 Jul 30 4:39 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

**FOR A FOURTH CAUSE OF ACTION**

**FAIR DEBT COLLECTION PRACTICES ACT § 1692g**

**Collection of Disputed Debt**

**(Against Capital Management Services, LP)**

60. Plaintiff re-alleges paragraphs 1 through 59 as if fully set forth herein.

61. Under 15 U.S.C. § 1692g(b), if a consumer disputes a debt in writing within 30 days of a collection notice, the debt collector must cease collection efforts until it provides verification of the debt.

62. On March 13, 2026, Capital Management Services sent Plaintiff a collection notice for $657.89 regarding the Capital Vacations account.

63. The underlying charges had been disputed in writing with Barclays since October 2025, and the debt being collected arose from a transaction Plaintiff had contested as unauthorized, cancelled, and unenforceable.

64. To the extent Capital Management Services continued collection activity after receiving proper notice of Plaintiff's dispute and without providing legally sufficient verification, it violated 15 U.S.C. § 1692g(b).

65. Plaintiff is entitled to recover actual damages, statutory damages as allowed by law, attorney's fees, and costs.

**FOR A FIFTH CAUSE OF ACTION**

**SOUTH CAROLINA VACATION TIME SHARING PLANS ACT**

**Violations of §§ 27-32-40, 27-32-50, and 27-32-60**

**(Against Capital Vacations Club, Inc.)**

66. Plaintiff re-alleges paragraphs 1 through 65 as if fully set forth herein.

67. S.C. Code § 27-32-40 provides an absolute, unwaivable right for a purchaser to cancel a timeshare contract within five days of signing without penalty or obligation.

14495319.1.14-19

ELECTRONICALLY FILED - 2026 Jul 30 4:39 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

68. S.C. Code § 27-32-50 requires that a seller honor, without fail or refusal, a purchaser's timely request to cancel within the statutory period.
69. S.C. Code § 27-32-60 prohibits a seller from charging or accepting payment until after expiration of the five-day cancellation period.
70. Capital Vacations violated § 27-32-60 by charging Plaintiff $7,734.09 and $159.95 on July 7, 2025, the day of signing, before the five-day cancellation period had expired and before Plaintiff had authorized the charges.
71. Plaintiff exercised his statutory right to cancel on July 8, 2025, one day after signing and well within the five-day period. He did so by informing Capital Vacations' representative of the cancellation and returning all contract materials as instructed.
72. Capital Vacations violated § 27-32-50 by refusing to honor Plaintiff's cancellation. Despite his clear cancellation and Capital Vacations' verbal confirmation, Capital Vacations continued to bill and collect on the cancelled account.
73. S.C. Code § 27-32-120(C) provides that a contract made in violation of the Act is voidable at the sole option of the purchaser and entitles the purchaser to a refund of all consideration paid.
74. Capital Vacations' violations were willful and intentional, not inadvertent. Capital Vacations charged before the cooling-off period ended and deliberately failed to honor Plaintiff's statutory cancellation right.
75. Plaintiff is entitled to recover all unauthorized charges, exemplary damages as permitted by law, attorney's fees, costs, and prejudgment interest.

14495319.1.15-19

ELECTRONICALLY FILED - 2026 Jul 30 4:39 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

**FOR A SIXTH CAUSE OF ACTION**

**SOUTH CAROLINA UNFAIR TRADE PRACTICES ACT**

**S.C. Code § 39-5-10 et seq.**

**(Against Barclays Bank Delaware, Capital Management Services, LP, and Capital Vacations Club, Inc.)**

76. Plaintiff re-alleges paragraphs 1 through 75 as if fully set forth herein.
77. The South Carolina Unfair Trade Practices Act declares unlawful unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce.
78. Capital Vacations engaged in unfair and deceptive acts or practices in trade or commerce by charging Plaintiff's Barclays credit card before expiration of the statutory cancellation period, by treating a conditional and unconsummated timeshare transaction as final, and by refusing to honor Plaintiff's timely cancellation while continuing to assess and seek payment of charges on a cancelled or unenforceable transaction.
79. Barclays engaged in unfair and deceptive acts or practices in trade or commerce by employing a perfunctory and one-sided dispute process that ignored evidence that the underlying transaction was disputed, cancelled, and legally defective, by reimposing and carrying balances arising from that transaction, and by using those charges as a basis for continued collection activity and derogatory credit reporting.
80. Capital Management Services engaged in unfair and deceptive acts or practices in trade or commerce by attempting to collect amounts arising from the same disputed and cancelled transaction after Plaintiff had already challenged the debt as unauthorized, invalid, and unenforceable.
81. The unfair and deceptive acts and practices of Barclays, Capital Management Services, and Capital Vacations affect the public interest because, upon information and belief, they were committed in the ordinary course of business, involve standardized consumer-

14495319.1.16-19

ELECTRONICALLY FILED - 2026 Jul 30 4:39 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

facing practices, and have the potential for repetition as to other South Carolina consumers.

82. As a direct and proximate result of these unfair and deceptive acts or practices, Plaintiff suffered ascertainable loss, including unauthorized charges, claimed past-due balances, charge-off damages, damage to credit reputation, time spent disputing the account, and other actual damages to be proven at trial.

83. The conduct of Barclays, Capital Management Services, and Capital Vacations was willful and knowing, entitling Plaintiff to recover actual damages, treble damages, attorney's fees, costs, and such other relief as provided by S.C. Code § 39-5-140.

**FOR A SEVENTH CAUSE OF ACTION**

**UNJUST ENRICHMENT**

**(Against Capital Vacations Club, Inc.)**

84. Plaintiff re-alleges paragraphs 1 through 83 as if fully set forth herein.

85. Capital Vacations received and retained charged amounts for which Plaintiff received no goods, services, or benefits. The contract was never fully executed, was cancelled by Plaintiff within his statutory right, and was never lawfully implemented or performed.

86. Capital Vacations has been unjustly enriched, and Plaintiff is entitled to recover the full amount wrongfully retained, together with interest and other appropriate relief.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following relief:

1. Actual damages in an amount to be determined at trial;
2. Statutory damages as allowed by the Fair Credit Billing Act, Fair Credit Reporting Act, and Fair Debt Collection Practices Act;
3. Exemplary, treble, and punitive damages as allowed by law;

14495319.1.17-19

4. Attorney's fees and costs;
5. An order requiring removal or correction of disputed charge-off and past-due information appearing on Plaintiff's credit reports to the extent authorized by law;
6. An order requiring cessation of unlawful collection efforts to the extent authorized by law;
7. Prejudgment and post-judgment interest; and
8. Such other and further relief as the Court deems just and proper.

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield
______________________________
Dave Maxfield, Esq., SC Bar 7163
P.O. Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

July 21, 2026

ELECTRONICALLY FILED - 2026 Jul 30 4:39 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

14495319.1.18-19

ELECTRONICALLY FILED - 2026 Jul 30 4:59 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF HORRY<br><br>STEVEN PLUNKETT WOODWARD,<br><br>Plaintiff,<br>Vs.<br><br>BARCLAYS BANK DELAWARE; CAPITAL MANAGEMENT SERVICES GROUP, INC.; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC, EQUIFAX INFORMATION SERVICES, LLC, and CAPITAL VACATIONS CLUB, INC,<br>Defendant, | IN THE COURT OF COMMON PLEAS<br>FIFTEENTH JUDICIAL CIRCUIT<br><br>Case No. 2026-CP-26-05643<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned employee of Dave Maxfield, Attorney, LLC do hereby swear and affirm that on **July 21, 2026**, I served the foregoing **Summons & Complaint**, by sending a copy of same by United States First Class Mail, Certified Mail, Return Receipt Requested to the following:

Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808
*(on behalf of Barclays Bank Delaware)*

Corporation Service Company
100 Coastal Drive, Ste 210
Charleston, SC 29492
*(on behalf of Capital Management Services Group, Inc.)*

Registered Agents, Inc.
6650 Rivers Ave. Ste 100
Charleston, SC 29406
*(on behalf of Capital Vacations Club, Inc.)*

CT Corporation System
2 Office Park Court, Ste 103
Columbia, SC 29223
*(on behalf of Experian Information Services, LLC)*

14495319.1.19-19

ELECTRONICALLY FILED - 2026 Jul 30 4:59 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

The Prentice-Hall Corporation System, Inc.
100 Coastal Drive, Ste. 210
Charleston, SC 29492
(on behalf of Trans Union LLC)

Corporation Service Company
100 Coastal Drive, Ste 210
Charleston, SC 29492
(on behalf of Equifax Information Services, LLC)

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield
______________________________

Dave Maxfield, Esq., SC Bar No. 7163
PO Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

DATED: July 21, 2026

ELECTRONICALLY FILED - 2026 Jul 30 4:59 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

# Certified Mail Tracking

Track another [ ] track it

**Tracking ID: 9214890142980490255011**

**Job: Woodward v TU SC (#14495319)**

**To: VIA CERTIFIED MAIL The Prentice-Hall Corporation System, Inc.**

## Tracking: 9214890142980490255011

### Events

| When | What | Where |
|---|---|---|
| 2026-07-30 10:24 | Delivered, Left with Individual | CHARLESTON, SC 29492 |
| 2026-07-30 08:29 | Arrived at Post Office | CHARLESTON, SC 29406 |
| 2026-07-30 06:10 | Out for Delivery | CHARLESTON, SC 29492 |
| 2026-07-27 10:53 | Arrived at USPS Regional Destination Facility | CHARLESTON SC PROCESSING CENTER |
| 2026-07-26 00:00 | In Transit to Next Facility | |
| 2026-07-23 22:28 | Shipment Received, Package Acceptance Pending | PHOENIX, AZ 85026 |

| When | What | Where |
|---|---|---|
| 2026-07-23 22:20 | Arrived at USPS Regional Origin Facility | PHOENIX AZ DISTRIBUTION CENTER |
| 2026-07-23 21:05 | Accepted at USPS Regional Origin Facility | PHOENIX AZ DISTRIBUTION CENTER |
| 2026-07-23 00:00 | Pre-Shipment, USPS Awaiting Item | |

The source of all Certified Mail tracking information comes from the USPS and is verifiable at USPS.com.

Print The Above

ELECTRONICALLY FILED - 2026 Jul 30 4:59 PM - HORRY - COMMON PLEAS - CASE#2026CP2605643

ELECTRONICALLY FILED - 2026 Jul 31 8:40 AM - HORRY - COMMON PLEAS - CASE#2026CP2605643

# Certificate of Electronic Notification

| Recipients |
| --- |
| **David Maxfield** - Notification transmitted on 2026-07-30 16:59:55.737. |

***** IMPORTANT NOTICE - READ THIS INFORMATION *****

NOTICE OF ELECTRONIC FILING [NEF]

**A filing has been submitted to the court RE:** 2026CP2605643

| | |
|---|---|
| **Official File Stamp:** | 07-30-2026 04:59:42 PM |
| **Court:** | CIRCUIT COURT<br>Common Pleas<br>Horry |
| **Case Title:** | Steven Plunkett Woodward VS Barclays Bank Delaware , defendant, et al |
| **Document(s) Submitted:** | Service/Certificate Of Service Certified Mail<br>- Exhibit/Filing of Exhibits<br>- Exhibit/Filing of Exhibits |
| **Filed by or on behalf of:** | David Andrew Maxfield |

This notice was automatically generated by the court's auto-notification system.

**The following people were served electronically:**

David Andrew Maxfield for Steven Plunkett Woodward

**The following people have not been served electronically by the Court. Therefore, they must be served by traditional means:**

Capital Management Services Group Inc
Experian Information Solutions Inc
Trans Union LLC
Equifax Information Services LLC
Capital Vacations Club Inc
Barclays Bank Delaware

ELECTRONICALLY FILED - 2026 Jul 31 8:40 AM - HORRY - COMMON PLEAS - CASE#2026CP2605643